STATE EX REL. KNOWLES v. ELKHART CIRCUIT COURT.

[No. 271S29. Filed April 5, 1971. No petition for rehearing filed.]

*Rasor, Harris, Garrard & Lemon,* of Warsaw, for relator.

PER CURIAM.—The relator has petitioned for a writ of prohibition against the respondent Elkhart Circuit Court. This action arises out of a divorce case filed in Elkhart Circuit Court in which Joyce E. Knowles states that she is a resident of Kosciusko County, State of Indiana for more than six (6)

months prior to the filing of her complaint. The relator, Thomas Michael Knowles, also states that he is a resident of Kosciusko County, State of Indiana. The petition for a writ of prohibition urges for ground thereof that the Elkhart Circuit Court does not have jurisdiction to entertain the divorce proceedings relying on the divorce statute, Burns Ind. Stat. Ann. § 3-1203 fixing the resident requirements in a divorce proceeding. .

The respondent judge has filed no response or brief but states that he relies upon the recently adopted rules of this Court for his denial of the motion to dismiss for lack of jurisdiction.

However, since the enactment of that statute, new rules of trial procedure have been enacted by the Indiana General Assembly and approved by this Court.

TR. 75 in part states:

"(A) *Venue.* Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B) (3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case. Preferred venue lies in: . . ."

Paragraph (B) also states:

"(B) *Claim or proceeding filed in improper court.* Whenever a claim or proceeding is filed which should properly have been filed in another court of this state, and proper objection is made, the court in which said action or proceeding is filed shall not dismiss the same, but shall order said cause transferred to the court in which it should have been filed. The person filing such claim or proceeding shall pay such costs as are chargeable upon a change of venue and the papers and records shall be certified to the court of transfer in like manner as upon change of venue. Such

action shall be deemed commenced as of the date of filing the claim in the original court."

and Paragraph (D) also states:

"(D) *Other venue statutes superseded by this rule.* Any provision of these rules and any special or general statute relating to venue, the place of trial or the authority of the court to hear the case shall be subject to this rule, and the provisions of any statute fixing more stringent rules thereon shall be ineffective. No statute or rule fixing the place of trial shall be deemed a requirement of jurisdiction."

From this it becomes apparent by very clear language that although a case including divorce proceedings may be filed in the wrong county, it is not a jurisdictional matter that deprives the court of the right to entertain the subject matter. The remedy of the aggrieved party is to petition the trial court for a removal of the cause to the proper county. This the petitioner herein has not done. We therefore find no merit to the relator's petition for a writ of prohibition and the same is denied.

NOTE.—Reported in 268 N. E. 2d 79.