Northside Cab Company, Inc. *v.* Mary Penman.

[No. 2-872A45. Filed June 28, 1973.]

*John D. Raikos, Raikos, Melangton, Dougherty & Christ,* of counsel, of Indianapolis, for appellant.

SHARP, J.—On July 11, 1969 the Plaintiff-Appellee, Mary Penman, filed a suit for personal injury damages designating the Appellant, Northside Cab Company, Inc., James Williams and William R. Jones as parties defendant. (The defendants, James Williams and William R. Jones, are not parties to this appeal.) Said complaint alleged that said Williams was the owner and Jones the operator of an automobile, the negligent operation of which caused injuries to Penman on March 21, 1968. Said complaint further alleges that said Williams and Jones were "joint venture employees and/or agents of the

defendant, Northside Cab Company, Inc., all as known to the defendants but unknown to this plaintiff". Said complaint alleges that Jones at the time of said accident was acting within the course and scope of employment.

On August 11, 1969 an attorney appeared for and on behalf of all three defendants in said cause and filed answer to the merits of the Penman complaint. On the same date the same attorney filed a written demand for trial by jury on behalf of all three defendants. It is undisputed that the attorney appearing for all three defendants was employed by the liability insurance carrier of Northside. Between August 11, 1969 and February 8, 1972 the attorney who appeared for all three defendants in this case filed extensive interrogatories directed to Penman which were answered and the three defendants by their attorney filed answers to interrogatories propounded to the defendants by Penman. Said defendants' counsel also engaged in the taking of depositions of Penman and Jones.

At the specific written request of Penman on November 6, 1970 the case was set down for trial by jury on June 8, 1971. On June 3, 1971 Penman made an oral motion to continue said jury trial which was sustained and the case was reassigned for November 15, 1971. On November 12, 1971 counsel for the defendants who had first appeared on July 23, 1969 filed a written motion for a continuance of the trial on the basis that the defendants' insurer, LaSalle Casualty Insurance Company, was then involved in a receivership hearing in the state of Illinois and that a receiver was probably to be appointed within two or three weeks of November 15, 1971. The continuance was granted and on January 18, 1972 the same counsel for the defendants filed a written motion to withdraw appearance. The motion to withdraw appearance was approved by the trial court on January 19, 1972 although a formal withdrawal was not effected. On February 8, 1972 the Appellee Penman by counsel filed a written motion for default as to all three defendants. The record fails to disclose

that said motion for default was served on any of the defendants, including this Appellant, under TR. 5(B). On February 8, 1972 without any notice to Northside the cause was called by the trial court, Northside was defaulted, and a judgment was entered for Penman against Northside in the sum of $51,000.00, that amount being the amount stated in the prayer of the complaint.

The written motion for default judgment filed by Appellee on February 8, 1972 does not disclose that it was served in any manner on the Appellant and record is void of any notice to the Appellant of any notice as to its filing or the hearing on it. The judgment on default entered on February 8, 1972 pursuant to said motion for default fails to disclose any prior notice to the Appellant of said motion for default or hearing thereon.

Thereafter on April 24, 1972 Appellant filed a motion for relief from judgment and for stay of proceedings under TR. 60(B) alleging mistake, excusable neglect and the award of excessive damages in said default judgment. Said motion also alleged that this Appellant has a good and valid defense as to its liabilty in this action in that Northside was at no time the principal or employer of the other defendants. On April 26, 1972 Appellee filed a motion to deny Appellant's motion for relief from judgment filed on April 24, 1972. On April 25, 1972 the trial court denied Appellant's motion for relief from judgment and stay of proceedings. On May 1, 1972 Appellant filed its motion to reconsider supported by affidavit which, *inter alia,* denied that any agency or employment relationship existed between Appellant and the other defendants. Said motion to reconsider was overruled on May 1, 1972. On May 25, 1972 Appellant filed a motion to vacate default judgment and set aside default. Said motion included a certified copy of the minutes which, *inter alia,* disclosed the written request for jury trial; it also alleged that said default was entered contrary to TR. 55(A) of the Indiana Rules of Civil Procedure and Rule 5(B) of the local rules. On June 2,

1972 Appellee filed a motion to strike Appellant's motion to vacate default under authority of TR. 12 (F) which the trial court sustained on June 2, 1972. On June 22, 1972 Appellant filed motion to correct errors to which Appellee filed a motion to strike on June 29, 1972, which motion to strike the trial court sustained on July 14, 1972. A praecipe for the entire record was filed by the Appellant on August 3, 1972 as well as a notice of appeal.

A judgment refusing to vacate a default judgment is a final appealable judgment. *Klutey* v. *Daviess Circuit Court* (1964), 245 Ind. 400, 199 N.E.2d 335, and *Heck* v. *Wayman* (1932), 94 Ind. App. 74, 179 N.E. 785. It is also among the categories of final judgment which require the filing of a motion to correct errors under TR. 59 (A). See *Lows* v. *Warfield* (1970), 149 Ind. App. 569, 259 N.E.2d 107, and *Bradburn* v. *County Department of Public Welfare of St. Joseph County* (1970), 148 Ind. App. 387, 266 N.E.2d 805.

Whether time is computed from the denial of Appellant's motion for relief from judgment on April 25, 1972 or the striking of Appellant's motion to vacate on June 2, 1972 Appellant's motion to correct errors was timely filed and properly raises the questions we must consider on this appeal.

## I.

In order to determine the issues raised on this appeal we must consider whether said default judgment was entered contrary to the notice provisions of TR. 55 (B) and local rule 5 (B). The relevant provisions of those rules are:

"Trial Rule 55 (B)

In all cases the party entitled to a judgment by default shall apply to the court therefor; . . . If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by a representative, his representative) shall be served with written notice of the application for judgment at least three [3] days prior to the hearing on such application. . . . the court may conduct such hearing or order such reference as it deems necessary

and proper and shall accord a right of trial by jury to the parties when and as required."

"Rule 5(B)

Motion to Enter Default and Motion for Default Judgment: When, pursuant to Supreme Court Rule TR. 55 of the Indiana Rules of Procedure, a party decides to take a default judgment, he shall give three (3) days' written notice to the defaulting party or his counsel prior to taking the default. The three (3) day period shall run from the day following mailing of the notice by first class mail."

In regard to TR. 55(A) and (B) District Two of this Court in *Hiatt* v. *Yergin* (1972), 152 Ind. App. 497, 284 N.E.2d 834, 841, said:

"The effect of these two subsections of the rule is that, even if a party has failed to plead or otherwise comply with the rules, no default judgment is proper against such party until an application for a default is filed and at least three days' notice given prior to a hearing on the application for default.

\* \* \*

"A delinquent party only need be nimble enough to plead or otherwise comply with the rules within three-day period in order to avoid the default question entirely."

For a similar result under a similar federal rule see *Ken-Mar Airpark, Inc.* v. *Toth Aircraft & Accessories Co.*, 12 F.R.D. 399 (D.C. Mo. 1952), and *Commercial Casualty Ins. Co.* v. *White Line Transfer and Storage Co., Inc.* (8th Cir. 1940), 114 F. 2d 946.

In attempting to secure a default against Northside the Appellee failed to make a minimal compliance with TR. 5(B) and TR. 55(B) as well as local rule 5(B). This non-compliance alone is a sufficient basis for the setting aside of said default judgment.

This appeal was first docketed here on August 15, 1972. The Appellee filed a motion to dismiss or affirm which was overruled on December 29, 1972 and thereafter Appellee sought transfer thereon to the Supreme Court which was

denied May 7, 1973. During the pendency of this appeal the Appellee requested and was granted three extensions of time to file brief. The third extension of time was granted for a period of twenty days beginning May 8, 1973 and was explicitly labeled as a "final extension." Notwithstanding the express designation of such extension a fourth extension of time was requested by Appellee on May 24, 1973, was objected to by Appellant and denied by this court on June 6, 1973.

In the absence of a brief by the Appellee, the Appellant has presented a prima facie basis for reversal of the trial entry of a default judgment in this case. This case is hereby reversed and remanded for proceedings consistent herewith.

Reversed and remanded.

Hoffman, C.J., concurs.

Staton, J., concurs in result.

NOTE.—Reported at 297 N.E.2d 838.