PROTECTIVE INSURANCE COMPANY, ORVILLE WRIGHT, SR. and RED CAB COMPANY, INC. *v.* MICHAEL E. STEUBER

[No. 2-775A171. Filed December 14, 1977.]

*Rex P. Killian, Ruckelshaus, Bobbitt & O'Connor*, of Indianapolis, for appellants.

*William F. Evans, Sr.*, of Indianapolis, for appellee.

LYBROOK, J.— This action arises out of a collision between an auto driven by appellee Michael Steuber and one of the appellant Red Cab's vehicles operated by Orville Wright, Sr. Steuber filed a complaint on May 18, 1973, for personal injury and property damages. After a period of 1½ years, during which time defendants-appellants Red Cab and Wright failed to answer, Steuber filed a motion for default judgment that was granted on October 8, 1974. Judgment was entered for plaintiff Steuber in the amount of $28,000.

Steuber subsequently filed a Motion for Proceedings Supplemental to Execution against appellant Protective Insurance

Company in an effort to reach judgment debtor's (Red Cab's) insurer through garnishment proceedings. Red Cab Company was self-insured for $10,000, and Protective Insurance provided coverage for judgments in excess of $10,000 up to $300,000. Pursuant to these proceedings, the court ordered Protective to pay $18,000 to plaintiff Steuber (the difference between the $28,000 judgment and the $10,000 limit on Red Cab's policy).

Appellants then filed two separate appeals — one from the original default judgment and one from the order in proceedings supplemental to execution; this court denied appellee's Motion to Dismiss each of the appeals, and granted a petition for consolidation on appeal. The case was transferred to the First District of this court to lessen the disparity of caseloads among the districts.

The following issues are presented for our review:

(1) Were the defendants required to file a Motion to Correct Errors directed to the trial court's overruling of their TR. 60(B) motion?

(2) Whether the default judgment was rendered against Orville Wright and Red Cab in violation of the three day notice requirement in Trial Rule 55(B)?

(3) Whether, in an appeal from proceedings supplemental to execution, the appealing party must file a Motion to Correct Errors in the trial court?

(4) Was the $28,000 award of a default judgment, without affording the defaulted parties a hearing on damages, contrary to law?

## I.

Appellants seek to bring a direct appeal from a default judgment and denial of their Motion to Correct Errors. Appellee alleges that appellants failed to file Motion to Correct Errors directed to the trial court's refusal to set aside the default judgment and therefore this court lacks jurisdiction to hear this case.

Appellant's counsel entered an appearance for defendant Wright and filed a brief on behalf of both defendants Red Cab and Wright in opposition to the Motion for Default Judgment on

October 15, 1974. On November 8, 1974, defendants filed a Motion to Set Aside Judgment, and an affidavit in support of their Motion to Set Aside Judgment on November 21, 1974. A hearing was held on November 21, and the cause was taken under advisement.

On December 9, 1974, defendants filed their Motion to Correct Errors, although at that time the trial court had not yet ruled on the defendants' Motion to Set Aside Judgment. The trial court made the following entry on December 16, 1974:

"Through inadvertence, oral argument heard by the judge pro tem. Findings and judgment for plaintiff stands."[1]

Defendants' Motion to Correct Errors was overruled April 8, 1975.

Appellee asserts that the proper method of challenging a default judgment is to file a Motion to Set Aside under TR. 60(B), await the trial court's ruling on the TR. 60(B) motion, and if it is unfavorable, file a Motion to Correct Errors followed by an appeal if the Motion to Correct Errors is overruled. The section of the Indiana Trial Rules governing the vacation of a default judgment, TR. 55(C) provides:

"A judgment by default which has been entered may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)."

Appellants argue that the failure to give the three-day notice to the defendants under TR. 55(B) and the lack of hearing in the trial court constitute a deprivation of the appellant's right to due process of law and a denial of their right to a fair trial. They assert that a direct appeal was warranted where the record reveals errors of law which do not fall within the provisions of TR. 60(B). Such an appeal would follow the filing of a Motion to Correct Errors without requiring the filing and denial of a TR. 60(B) Motion to Set Aside the default judgment as a condition precedent.

---

1. A question arises whether or not this ruling by the trial court was a ruling on the Motion to Set Aside. Because of the result reached by the Court of Appeals on the question of a direct appeal from a default judgment, we need not resolve the question of this particular ruling.

In discussing the proper method to appeal an adverse default judgment the First District of this court has previously adhered to the absolute requirement of filing both a Motion to Set Aside (TR. 60) and when it is overruled a Motion to Correct Errors (TR. 59 (A)). See *Yerkes v. Washington Manufacturing Co., Inc.* (1975), 163 Ind. App. 692, 326 N.E.2d 629, relying on the Third District case, *Northside Cab Co., Inc. v. Penman* (1973), 156 Ind. App. 577, 297 N.E.2d 838. The other districts of this court have since disagreed with decisions imposing this requirement.

In the case of *In Re Marriage of Robbins* (1976), 171 Ind. App. 509, 358 N.E.2d 153, the Third District addressed an argument by appellee that the Court of Appeals was without jurisdiction to review the appeal because the appellant had filed his Motion to Correct Errors before the trial court had ruled on appellant's Motion to Vacate Judgment. The appellee in *Robbins* contended, as Steuber does in the case at bar, that the denial of the Motion to Correct Errors constituted a denial of the TR. 60(B) motion, and that a second Motion to Correct Errors must be filed in order to give the Court of Appeals jurisdiction. The Third District held that TR. 59 and TR. 60(B) have the common overlapping purpose of calling errors, either in equity or law, to the attention of the trial court to avoid injustice. Specifically, the court held that TR. 59(A)(9) encompasses the additional equitable purposes of TR. 60(B) during the 60 day time period in TR. 59, and therefore a TR. 60 purpose stated in a motion should be treated as a TR. 59 motion if it is filed within 60 days after judgment. The court went on to hold that no further motion to correct errors is required for an appeal where the trial court does not change its judgment.

In *Kelly v. Bank of Reynolds* (1976), 171 Ind. App. 515, 358 N.E.2d 146, the Second District also questioned the inflexibility of the *Yerkes* decision. After tracing the development of TR. 60(B), Judge Sullivan in *Kelly*, held that when a default judgment has been entered against a party, and that party alleges that an error of law forms a basis of that judgment, the allegations may be presented via a TR. 59 Motion to Correct Errors, without resorting to TR. 60 Motion and denial.

While the First District of this court has previously adhered to the absolute requirement of filing both a Motion to Set Aside (TR. 60(B)) and, when it is overruled, the filing of a Motion to Correct Errors, as the *only* method of perfecting an appeal from a default judgment, we think that the better course, which has been adopted by the other districts of the Indiana Court of Appeals, allows an exception where there has been filed, within 60 days of entry of the default judgment, a Motion to Correct Errors directed at errors of law in the trial court's granting of a default judgment. To the extent that *Yerkes* and its predecessors contain language inconsistent with this rule, those decisions are hereby modified.[2]

## II.

Appellants' first allegation of error contends that they did not receive proper notice of Steuber's Motion for Default Judgment. Steuber certified that a copy of the Motion was served on counsel for the defendants on October 7, 1974. Default judgment was rendered against both defendant Red Cab and Orville Wright on October 9, 1974.

Indiana Rules of Procedure, Trial Rule 55 (A and B) (Default Judgment) reads:

"(A) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise comply with these rules and that fact is made to appear by affidavit or otherwise, the party may be defaulted.

(B) Default Judgment. In all cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against a person known to be an infant or incompetent unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. *If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by a representative, his representative) shall be served with written notice of the application for judgment at least three [3] days prior to the hearing on such application.* If, in order to enable the court to enter judgment

---

2. *Yerkes* did not specifically discuss the effect of filing a TR. 60(B) motion within 60 days of entry of a default judgment.

or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required." (Emphasis added).

The three day notice requirement in TR. 55(B) (as well as Local Court Rule 5(B))[3] was addressed by the Court of Appeals in *Northside Cab Co., Inc. v. Penman* (1973), 156 Ind. App. 577, 297 N.E.2d 838, at 841, and *Hiatt v. Yergin* (1972), 152 Ind. App. 497, 284 N.E.2d 834, 841.

In *Hiatt*, the court interpreted the notice requirements as follows:

"The effect of these two subsections of the rule [TR. 55(A) and (B)] is that even if a party has failed to plead or otherwise comply with the rules, no default judgment is proper against such party until an application for a default is filed, and at least three days' notice given prior to a hearing on the application for default."

The court repeated the passage from *Hiatt*, cited above, in the *Northside Cab Company* case, and then went on to say:

"In attempting to secure a default against Northside the Appellee failed to make a minimal compliance with TR. 5(B) and TR. 55(B) as well as Local Rule 5(B). *This noncompliance alone is sufficient basis for the setting aside of said default judgment.*" (Emphasis added).

The three day notice provision only applies to a party against whom judgment by default is sought if the party has *appeared* in the action. Defendant Orville Wright, Sr. did not appear in this action and therefore does not come within the provisions of this rule which require a three-day notice.

3. Local Court Rule 5(B), Official Rules of Practice and Procedure of the Circuit Court and Superior Court of Marion County, Indiana, provides in pertinent part as follows:

"Motion to enter default and motion for default judgment: When, pursuant to Supreme Court Rule TR. 55 of the Indiana Rules of Procedure, a party decides to take a default judgment, he shall give three (3) days written notice to the defaulting party or his counsel prior to taking the default. The three (3) day period shall run from the day following mailing of the notice by first class mail."

The default judgment rendered against Wright was proper since no notice was required to be given to him.

The court records show that the attorney for the defendant Red Cab Company did make an appearance on its behalf. Notice was, therefore, required to be given to Red Cab.

While the certificate of service on plaintiff's Motion for Default Judgment states that a copy of the motion was mailed on October 7, 1974, the envelope in which it was received by counsel for defendants was postmarked October 9, 1974, which was the date on which the default judgment was entered.

Indiana Rules of Procedure, Trial Rule 6(A) controls the computation of time and reads:

> "(A) Computation. In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, *the day of the act, event, or default from which the designated period of time begins to run shall not be included.* The last day of the period so computed is to be included unless it is
>
> (1) a Saturday,
>
> (2) a Sunday,
>
> (3) a legal holiday as defined by state statute, or
>
> (4) a day the office in which the act is to be done is closed during regular business hours.
>
> In any event, the period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed. When the period of time allowed is less than seven [7] days, intermediate Saturdays, Sundays, legal holidays, and days on which the office is closed shall be excluded from the computations." (Emphasis added).

Thus according to TR. 6(A), had the notice been mailed on October 7, the default judgment could not have properly been entered before October 10. There was no Saturday, Sunday, or legal holiday intervening in this case.

Under the circumstances, the failure on the part of plaintiff to observe the notice requirements of TR. 55 prevented defendant-

appellant Red Cab from having a hearing and fair trial which is the rule's purpose. As the appellant Red Cab was, through no fault of its own, without notice or knowledge, and the judgment against it was entered in its absence and without meeting the requirements of written notice, there was error necessitating reversal.

### III.

Appellees maintain that garnishee-defendant, Protective Insurance, could not bring an appeal from the order in proceedings supplemental to execution because of its failure to file a Motion to Correct Errors. Steuber argues that the order was a final judgment and requires a Motion to Correct Errors to be filed. Appellants allege that they are entitled to bring an interlocutory appeal from the final order in garnishment by way of an assignment of errors.

Trial Rule 59(G) of the Indiana Rules of Procedure states:

"In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court. *A motion to correct errors shall not be required in the case of appeals from interlocutory orders, orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution.*" (Emphasis added).

Prior to the adoption of the Rules of Civil Procedure in 1970, proceedings supplemental were required to be filed as new and independent civil actions. TR. 69(E), which now governs proceedings supplemental to execution, has modified prior practice, and proceedings supplemental can now be filed as a part of the original action.

In *Myers v. Hoover* (1973), 157 Ind. App. 310, 300 N.E.2d 110, this court addressed the question of whether proceedings under TR. 69(E) constituted a new and independent civil action, and

concluded that proceedings supplemental to execution are merely a continuation of the original cause of action. The Civil Code Study Commission's Comment on TR. 69(E) which was cited in *Myers*, reads in part:

"Rule 69(E) retains the basic statutes upon the subject but introduces simpler pleadings and procedure. However, this rule makes some significant changes. For one thing, the court rendering judgment retains venue or jurisdiction over proceedings supplemental, contrary to prior law which fixed venue at the defendant's residence. *Relief is allowed by motion, and the order to appear in proceedings supplemental is granted ex parte without hearing, thus clarifying present procedures. Necessarily, this means that the remedy is merely a continuation of the original action both in name and in cause number.* This rule proceeds upon the assumption that the judgment defendant is under a duty to pay the plaintiff or inform him of assets subject to execution if the defendant insists that the plaintiff must pursue this route." (Emphasis by the Court in *Myers*).

In Harvey and Townsend, *Indiana Practice*, Volume 4 at page 469, 470, Dean Harvey commented on TR. 69(E):

"69.4. Proceedings Supplemental to Execution Rule 69(E) contains a substantial revision of the procedures applicable to proceedings supplemental to execution. *Its basic tenet is that proceedings supplemental to execution is a continuation of the original cause, is not a new action, and should be allowed to proceed without the technical showing that execution has been commenced or would be unavailing.* The Rule recognizes that it is the duty of a judgment debtor to pay his judgment or come forward with his property so that execution may proceed. If he fails to do so, ordinary legal remedies (in most cases, execution) are inadequate, and so the extraordinary relief available by proceedings supplemental to execution will be allowed.

"This rule does not change or affect the kind of property subject to supplemental proceedings (relief being allowed under prior and existing law as to all of the debtor's property subject to creditor process), and the rule accepts prior law as to the kinds of orders allowed in applying the judgment debtor's property towards satisfaction of the judgment. Following, is a brief description of what it appears that the new rule will allow in proceedings supplemental to execution.

*"Proceedings Commenced by Motion as Part of Original Cause.*

*"Under Rule 69(E) proceedings supplemental to execution are initiated by motion under the same cause number in the same court which entered judgment against the defendant.* This means that no additional filing fees will be required. *Since the proceedings are a continuation of the original cause, the court will take judicial notice of the record parties, judgment, etc.* Compare *Mitchell v. Godsey*, 1944, 222 Ind. 527, 53 N.E.2d 150.

*"Venue Requirements.*

"Strict venue restrictions under the prior law have been superceded, and *the motion for proceedings supplemental to execution is filed properly only in the court where the judgment was rendered.* Although prior law allowed a change of venue in proceedings supplemental to execution, it is extremely doubtful that this will be allowed where relief is sought by motion. *Burkett v. Holman*, 1885, 104 Ind. 6, 3 N.E. 406. *In theory the relief has become a continuation or part of the original cause, and to allow a change of venue to the original parties in such proceedings would impose an unnecessary great burden on our court system.* Some argument can be made for allowing a change of venue to a garnishee or third party asserting a bona fide claim to property or a defense to an obligation assertedly owing. Unless, however, some showing is made that a trial will be involved it can be argued that a change of venue should not be granted as a matter of course to a garnishee." (Emphasis added).

\* \* \*

Dean Harvey further comments at Page 475:

*"May Proceedings Supplemental to Execution be Pursued as an Independent Action?*

"Rule 69(E) is couched in permissive terms. *Argument therefore may be made that proceedings supplemental to execution by a separate action is still possible as it was before the Rule. However, the term 'may' in this rule could very well be read as 'shall' in terms of where the remedy is initiated. As an ancillary remedy to the judgment, much inconvenience ordinarily will be avoided by allowing proceedings supplemental to continue in the original case.* If an independent proceeding is allowed, and if change of venue in such cases is permitted, no real over-all advantage will be gained by allowing the independent action in the county of the judgment debtor's residence as it must be under the proceedings supplemental statutes." (Emphasis added).

In the case at bar, the Motion for Proceedings Supplemental was filed in the case of Michael E. Steuber, plaintiff v. Orville Wright, Sr., and Red Cab Company, Inc., judgment defendants, and Protective Insurance Company, garnishee-defendant, under the same cause manner as the original case (S 273-548). It was not a separate action and therefore the Order against garnishee-defendant Protective Insurance Company was ancillary to the underlying judgment in the original case of Michael E. Steuber v. Orville Wright, Sr., and Red Cab Company, Inc. (which we have reversed) As such, the Order against Protective Insurance Company can be appealed as an interlocutory order to this Court without the necessity of filing a TR. 59 Motion to Correct Errors.

## IV.

Garnishee-defendant Protective Insurance Company asks this court to find that the $28,000 award of a default judgment without affording the defaulted parties a hearing on damages was a denial of due process and therefore contrary to law. We have reversed the default judgment upon which the order in proceedings supplemental to execution was founded and now find that these proceedings supplemental as part of the original cause of action must also be set aside.

We affirm the default judgment as to appellant Orville Wright, Sr. We reverse the default judgment as to Red Cab Co., Inc. and set aside the order on proceedings supplemental to execution against Protective Insurance Company. We remand this consolidated appeal to the trial court for proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part, and remanded.

Robertson, C.J. and Lowdermilk, J. concur.

NOTE—Reported at 370 N.E.2d 406.