O. W. MARTIN, Appellant (Defendant Below),

v.

**INDIANAPOLIS MORRIS PLAN CORPORATION, Appellee (Plaintiff Below).**

No. 2-978A318.

Court of Appeals of Indiana, Second District.

March 3, 1980.

Rehearing Denied June 2, 1980.

Thomas W. Munger, Lafayette, for appellant.

Robert A. Ledgerwood, Nisenbaum & Brown, Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendant-appellant O. W. Martin (Martin) appeals from a default judgment entered against him by the Marion Superior Court, claiming the trial court erred in refusing to transfer venue and followed improper procedure in entering the default judgment.

We affirm.

## FACTS

The record as viewed most favorably to the judgment indicates that on November

14, 1967, Indianapolis Morris Plan Co. (Morris Plan) obtained a judgment against Martin in Marion County in the amount of $34,528.94 (plus interest at eight percent), of which Martin has paid $2,000.

On November 10, 1977, Morris Plan filed a complaint in Marion County for the remaining amount due plus interest. Martin, in turn, filed a motion to dismiss or in the alternative for preferred venue claiming that the preferred venue lay in Kosciusko County, the county of his residence.

After the trial court denied his motion for preferred venue, Martin failed to participate further in the litigation. On February 27, 1978, Morris Plan gave notice to Martin of its intent to apply for a default judgment, followed on March 8, 1978, by Morris Plan's application for default judgment.

The court, on March 17, 1978, set the hearing on the default judgment for April 6, 1978, and entered its default judgment for Morris Plan on April 6, 1978 after the hearing was held.

The record indicates that Martin received proper and timely notice of all the events relevant to the litigation after the motion for preferred venue was denied.

Within the sixty day time limit, Martin filed its motion to correct errors to initiate the appeal.[1]

## ISSUES

Martin presents three issues[2] for appeal:

1. Whether the trial court erred in denying his motion for preferred venue.
2. Whether the non-military affidavit filed by Morris Plan is sufficient.
3. Whether the trial court erred in granting the default judgment.

[1]. A motion to correct errors may be a proper vehicle to challenge a default judgment if it is timely filed. See Protective Insurance Co. v. Steuber (1977), Ind.App., 370 N.E.2d 406; Roberts v. Watson (1977), Ind.App., 359 N.E.2d 615; Robbins v. Robbins (1976), Ind.App., 358 N.E.2d 153; Kelly v. Bank of Reynolds (1976), Ind.App., 358 N.E.2d 146; Covalt v. Covalt (1976), Ind.App., 354 N.E.2d 766.

[2]. Martin's brief is devoid of any argument on his fourth issue, excessive interest, therefore,

## DECISION

*ISSUE I*—Denial of Martin's motion for preferred venue.

*PARTIES' CONTENTIONS*—Martin contends that the trial court denied him a fair trial by not granting his motion to transfer venue to Kosciusko County.

Morris Plan replies that Marion County is a county of preferred venue and that Martin has shown no prejudice or injury to him by the court's failure to transfer venue.

*CONCLUSION*—Although the trial court may have improperly denied the motion for preferred venue, there is no evidence in the record that Martin was prejudiced or injured thereby.

Crucial to resolution of this issue is the fact that Martin engaged in no discovery, did not go to trial, but merely stood on his motion to dismiss or for preferred venue, and later filed a Motion to Correct Errors.

Trial Rule 75, which governs preferred venue,[3] was revised with the advent of the new Trial Rules in 1970 to remove the procedural and jurisdictional difficulties surrounding proper venue. No longer is a case to be dismissed for jurisdictional reasons solely because it was filed in a county of improper venue. Rather, new Trial Rule 75 establishes that all courts in Indiana are courts of *proper* venue and have jurisdiction to try a case, subject to the right of an objecting party to transfer the case to a county of *preferred* venue. The primary intent of the architects of the new venue rules was to promote resolution of cases on the merits. *See State ex rel. Knowles v. Elkhart Circuit Ct.* (1971), 256 Ind. 256, 268

pursuant to Ind.Rules of Procedure, Appellate Rule 8.3(A)(7), this issue is deemed waived.

[3]. We note for the sake of clarity that we are addressing here the rules governing *transfer of venue* to a county of preferred venue as addressed in Trial Rule 75. The rules and procedure for a *change of venue* from a county or judge, as provided in Trial Rule 76, are entirely different and are not the subject of this opinion.

N.E.2d 79; *Pund v. Pund* (1976), Ind.App., 357 N.E.2d 257; *Gibson v. Miami Valley Milk Producers, Inc.* (1973), 157 Ind.App. 218, 299 N.E.2d 631; Trial Rule 75; 4 W. F. Harvey & R. B. Townsend, Indiana Practice 527–547 (1971).

Section E of Trial Rule 75 provides that when appealing from a denial of a motion for preferred venue, the party asserting the error must show evidence of prejudice or injury:

> The ruling of a court granting or refusing to order a case transferred under this rule is not a final or appealable order or judgment, and error of the court therein is grounds for a new trial or reversible error *only when evidence in the record shows that the party asserting error was prejudiced or injured thereby.* (emphasis added)

So, how was Martin prejudiced or injured, which is what the Trial Rules require?

Because no Indiana cases have interpreted Trial Rule 75(E), there are no guidelines as to what constitutes prejudice or injury by the trial court's refusal to transfer venue.[4]

▆ The rule appears to be straightforward. It sets out a two prong test that the appellant must satisfy to succeed on appeal. He must:

1. sustain prejudice or incur injury because of the trial court's failure to transfer venue to a county he has requested, and

2. document to the appellate court with evidence in the record the injury or prejudice which he did in fact incur.

As drafted, Trial Rule 75(E) appears to contemplate *actual* not potential (future) prejudice or injury which has been incurred and, before error can be charged, the party who has been denied preferred venue must demonstrate (not speculate) injury or prejudice by evidence in the record. Unequivocably the rule says, "*was* prejudiced or injured . . ." (emphasis added) which is consistent with the general theory of venue encouraging adjudication on the merits.

The Indiana Supreme Court in a recent case, *State ex rel. Indiana Life and Health Insurance Guaranty Association v. The Superior Court of Marion County* (1980), Ind., 399 N.E.2d 356, has reaffirmed that the procedure provided in Trial Rule 75(E) is the sole remedy when a motion for transfer of venue has been denied.[5]

Our conclusion that evidence of prejudice must be specific and clearly documented is consistent with the analysis in 4 W. F. Harvey & R. B. Townsend, Indiana Practice 544 (1971):

> Attorneys claiming that their cause has been injured by improper venue should make a record showing additional costs, inconvenience to the point of affecting a fair hearing, witnesses or the like at the time a motion challenging venue is made if possible, and again during the course of the case through trial as proof of injury or prejudice is discovered or revealed so that reversible error will be established of record and waiver cannot be found. The error again should be assigned or raised under the motion to correct errors and any new evidence established prejudice or injury should be established by affidavit at that time.

---

4. The Federal Rules of Civil Procedure, upon which our Indiana Rules of Procedure are, to a certain extent, based, provide no guidelines in this area. The Federal Rules do not provide for venue; the Judicial Code at 28 U.S.C. §§ 1404 and 1406 deals with the issue of venue and has no provision comparable to the Indiana Rules requiring a showing of prejudice or injury when appealing from an adverse venue ruling.

5. The Indiana Supreme Court has held that writs of mandate and prohibition will not lie to compel a trial court to dismiss a case or trans-

fer a case if a motion to transfer venue has been denied by the trial court. *State ex rel. Indiana Life and Health Insurance Guaranty Association v. The Superior Court of Marion County, supra; State ex rel. Knowles v. Elkhart Circuit Court* (1971), 256 Ind. 256, 268 N.E.2d 79.

And Trial Rule 75(E) by its very terms prohibits interlocutory appeals from a trial court's refusal to order a case transferred pursuant to a motion for preferred venue.

■ All Martin has done is file a motion for preferred venue . . . he then rested. The motion recites, *inter alia* :

> That the residence of the defendant is well over 100 miles from the City of Indianapolis in Marion County, Indiana, the venue selected by the plaintiff and it would require excessive time and expense, and would work an undue hardship upon him and his attorney to be obliged to travel to the said City of Indianapolis in Marion County, Indiana, to make his defense to this cause, and to present any counterclaim he may wish.

This brief allegation is a statement of injury in futuro, mere speculation, and it does not document evidence of actual harm or prejudice.

In a sense Martin could be said to be injured by the default judgment. Any such injury, however, resulted from his failure (after notice) to participate in the litigation and not as a direct result of the trial court's refusal to transfer venue.

*ISSUE II*—The sufficiency of the non-military affidavit.

*PARTIES' CONTENTIONS*—Martin claims that the non-military affidavit is insufficient because, although the signature is illegible, it appears to have been signed by the corporation as plaintiff.

Morris Plan replies that the affidavit was not defective.

*CONCLUSION*—The non-military affidavit was not necessary and its filing was surplusage.

Martin, by claiming that the non-military affidavit is insufficient, has marched his troops into the wrong battlefield.

■ The appropriate section of the Soldiers' and Sailors' Civil Relief Act of 1940 found in 50 U.S.C.App. § 520, which required the filing of a non-military affidavit, reads:

> (1) In any action or proceeding commenced in any court, if there shall be a *default of any appearance by the defendant*, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the de-

fendant is not in military service. (emphasis added).

There was no "default of any appearance" by Martin; he appeared by the filing of his motion for preferred venue. So a non-military affidavit was not necessary for the court to enter a default judgment. *See also Duncan v. Binford* (1972), 151 Ind.App. 199, 278 N.E.2d 591.

*ISSUE III*—The procedure followed in granting the default judgment.

*PARTIES' CONTENTIONS*—Martin argues that the court, in entering a default judgment against him did not follow the proper procedure as required in Trial Rule 55.

Morris Plan responds that the court did not err in entering a default judgment.

*CONCLUSION*—The procedure followed by both Morris Plan and the trial court was without question consistent with Trial Rule 55.

■ Martin concedes and the record shows that other than the trial court's ruling on his motion for preferred venue, he received notice of all motions and documents filed by Morris Plan and ruled on by the court. Although Martin did not receive notice of the trial court's February 1, 1978 ruling on his motion for preferred venue, he did receive, on February 27, 1978, Morris Plan's notice of intent to apply for a default judgment. He had the responsibility of ascertaining the trial court's ruling on his previously filed motion. *Ed Martin Ford Co. v. Martin* (1977), Ind.App., 363 N.E.2d 1292.

■ Thereafter the procedure that culminated in the default judgment more than adequately satisfied the dictates of Trial Rule 55. As early as February 27, 1978, Morris Plan informed Martin that it was preparing to apply for default judgment. Subsequently on March 8, 1978, Martin received notice that Morris Plan had applied for a default judgment. Martin then received notice that on March 17, 1978, the trial court had set the date for the hearing on the default judgment for April 6, 1978.

The three (3) days notice of the hearing as required by Trial Rule 55(B) was unquestionably complied with here. And finally the record indicates the hearing was held on April 6, 1978, prior to the judgment by default. No error here. *Protective Insurance Co. v. Steuber* (1977), Ind.App., 370 N.E.2d 406; *Green v. Karol* (1976), Ind. App., 344 N.E.2d 106; *Northside Cab Co. v. Penman* (1973), 156 Ind.App. 577, 297 N.E.2d 838.

■ Martin also claims the trial court erred because there was no entry of default against him pursuant to Trial Rule 55(A). Trial Rule 55, however, as interpreted, does *not* require a 55(A) entry of default prior to a default judgment pursuant to Trial Rule 55(B). *See* Indiana Rules of Procedure, Trial Rules 55(A) and (B); 3 *W. F. Harvey & R. B. Townsend, Indiana Practice* 522–23 (1971) and text in accompanying supplement (1979). *See also Stewart v. Hicks* (1979), Ind.App., 395 N.E.2d 308; *Justak v. Bochnowski* (1979), Ind.App., 391 N.E.2d 872.

Default judgment was properly entered pursuant to Trial Rule 55.

Affirmed.

SHIELDS, J., concurs.

SULLIVAN, J., concurs in result with opinion.

SULLIVAN, Judge, concurring.

I concur in the affirmance of the judgment of the trial court. I do not, however, subscribe to the view that Trial Rule 75(E) requires that a litigant must necessarily demonstrate past injury or prejudice before he may assert error in the denial of a preferred venue motion.

Although the record before us may not do so, when it is disclosed unmistakably that the preferred venue lies in one place only, and that a litigant would be compelled to travel long distances, and undergo extreme expense in defending himself, he should not be compelled to undergo such burden as a condition precedent to an assertion of error on appeal.

To be sure, when a defendant chooses to suffer a default judgment rather than defend the suit in the improper venue, he places all his eggs in one basket and must succeed upon appeal but he should not be precluded from doing so if he can demonstrate that had he defended, he would have incurred prejudice or injury. In such instance, I would additionally require the appellant to demonstrate a meritorious defense to the claim. *Cantwell v. Cantwell* (1957) 237 Ind. 168, 173–78, 143 N.E.2d 275, 278–80, *cert. denied*, 356 U.S. 225, 78 S.Ct. 700, 2 L.Ed.2d 712; *Moe v. Koe* (2d Dist. 1975) 165 Ind.App. 98, 102, 330 N.E.2d 761, 764. *See also Kelly v. Reynolds* (2d Dist. 1976) Ind.App., 358 N.E.2d 146, 150 n.5.