**EVANSVILLE GARAGE BUILDERS,**
**Appellant–Defendant,**

v.

**Jeff SHRODE and Jeanette Shrode,**
**Appellees–Plaintiffs,**

**General Accident Insurance Company**
**of North America, Cross–**
**Appellant.**

No. 82A01–9901–CV–17.

Court of Appeals of Indiana.

Dec. 28, 1999.

David D. Bell, Bamberger, Foreman, Oswald & Hahn, LLP, Evansville, Indiana, Attorney for Appellant.

Curt Angermeier, Evansville, Indiana, Attorney for Cross-Appellant.

Rodney H. Grove, Evansville, Indiana, Attorney for Appellees.

## OPINION

MATTINGLY, Judge

This appeal is taken from default judgments entered in favor of Jeff and Jeanette Shrode (the "Shrodes"), first against Evansville Garage Builders ("Garage Builders") and then its insurer General Accident Ins. Co. of North America ("General Accident").[1] Both Garage Builders and General Accident raise two issues on appeal. We find dispositive the issue of whether the trial court abused its discretion in entering default judgment against Garage Builders when the Shrodes failed to provide notice of application for default judgment as required by Ind. Trial Rule 55(B). We therefore do not address the other issues raised by the parties.

1. The default judgment against General Accident was entered at a hearing on proceedings supplemental.

We reverse and vacate both default judgments.[2]

## FACTS AND PROCEDURAL HISTORY

In January 1997, the Shrodes allegedly suffered a loss to their home resulting from improvements performed by Garage Builders. That same month, Garage Builders' insurer, General Accident, became aware of this loss and issued two checks to the Shrodes totaling $12,274.76. Though these checks were never presented for payment, General Accident considered the case closed.

Six months later, on July 28, 1997, the Shrodes filed a complaint against Garage Builders for damage to their home on theories of negligence, breach of contract under Ind.Code § 24-5-11-10(a)(4),[3] and fraud. On September 4, 1997, counsel retained by Garage Builders entered an appearance and moved for an extension of time in which to respond. On October 23, 1997, Garage Builders timely filed its answer and affirmative defenses. According to the Scheduling Conference Order dated November 26, 1997, the matter was set for trial beginning August 24, 1998.

On February 17, 1998, counsel for Garage Builders filed a motion to withdraw. The matter was set for hearing on March 9, 1998 at which time Garage Builders failed to appear and the court granted the motion to withdraw. Garage Builders was without counsel of record until October 16, 1998.

On June 1, 1998, the Shrodes appeared before the court and requested a progress hearing. Pursuant to this request, the court ordered Garage Builders to appear for a progress hearing on June 29, 1998.[4] At the time of the progress hearing, Garage Builders failed to appear, by counsel or otherwise, and upon oral motion by the Shrodes was "defaulted" as to the issue of liability.

A hearing on damages was set for August 21, 1998.[5] In preparation for this hearing, Jeanette Shrode contacted James L. Defibaugh, an adjuster with General Accident, to inquire about reissuance of the settlement checks first issued in January 1997 but which, at that point, had become stale. General Accident claims this is the first it knew of the lawsuit against Garage Builders. Upon learning of the suit, Defibaugh attempted to contact Garage Builders to establish the status of the suit. After several unsuccessful attempts to reach Garage Builders' president Nall, Defibaugh called the Shrodes and explained the procedure for reissuing the settlement checks. On the date scheduled for the hearing on damages, Garage Builders failed to appear and the court, after hearing evidence, entered judgment for the Shrodes in the amount of $40,647.92.[6]

On September 24, 1998, the Shrodes instituted proceeding supplemental asking the court for judgment against General Accident as Garage Builders' insurer. A hearing was set for October 14, 1998 at which time General Accident failed to appear by counsel or representative. A de-

---

**2.** Oral arguments were heard on December 1, 1999 in Evansville, Indiana.

**3.** This statute requires that a home improvement supplier provide the consumer with a completed home improvement contract. That contract must include certain information, including under subsection (a)(4) a "reasonably detailed description of the proposed home improvements."

**4.** Garage Builders claims not to have any records confirming receipt of the progress hearing notice.

**5.** Garage Builders acknowledges it received notice of the damages hearing. Garage Builders' president Charles Nall stated: "Apparently, a low level employee named John Tucker signed for the certified mail which gave notice of the damages hearing, but it was not brought to my attention prior to the hearing date of August 21, 1998." (R. at 55.)

**6.** This judgment was corrected *nunc pro tunc* to $35,122.00 on December 22, 1998. (R. at 73.)

fault judgment was entered against General Accident. On October 16, 1998, counsel for General Accident entered an appearance and moved to set aside the garnishment default. On December 16, 1998, the trial court heard arguments on Garage Builders' and General Accident's motions to set aside the default judgments. These motions were denied and this appeal followed.

## DISCUSSION

### Garage Builders

When Garage Builders failed to appear for a progress hearing on June 29, 1998, the court, upon oral motion by the Shrodes, "defaulted" it on the issue of liability. Garage Builders argues the trial court's failure to set aside the default judgment was an abuse of discretion because the Shrodes failed to provide notice of the application for default judgment pursuant to T.R. 55(B). We agree.

■ Though the remedy is extreme in nature, it is within the purview of the trial court to sanction a recalcitrant party by entering a default judgment against it. T.R. 16(K) states in relevant part:

If without just excuse or because of failure to give reasonable attention to the matter, no appearance is made on behalf of a party at a pre-trial conference ... the court may [order]:

(1) payment by the delinquent attorney or party of the reasonable expenses ... [and/or]

(2) take such other action as may be appropriate.

"Such other action" may include entry of a default judgment against a defendant pursuant to T.R. 55. *Farinelli v. Campagna,* 166 Ind.App. 587, 593–94, 338 N.E.2d 299, 303 (1975) (recognizing the authority of the trial courts to order dismissals for violations of T.R. 16 orders); *see also* 2 William

F. Harvey, *Indiana Practice* § 16.4 (2d ed.1988). We hold that when a trial court enters a default judgment against a party as a sanction under the authority of T.R. 16(k), as occurred here, it must follow the procedures prescribed by T.R. 55.[7]

■ The grant or denial of a T.R. 55 default judgment is within the sound discretion of the trial court. *Precision Erecting, Inc. v. Wokurka,* 638 N.E.2d 472, 473 (Ind.Ct.App.1994). T.R. 55(A) states that a party may be defaulted if it has "failed to plead or otherwise comply with these rules." Once a party is entitled to judgment by default, it must apply to the court for such judgment and a hearing will be held. "If the party against whom judgment by default is sought has appeared in the action, he ... shall be served with written notice of the application for judgment at least three [3] days prior to the hearing on such application." T.R. 55(B).

■ The Shrodes do not dispute that Garage Builders was entitled to three days notice of an application for default judgment—it clearly was so entitled. While notice is not required when a defendant has failed to enter an appearance, *Jostens Learning Corp. v. Education Sys. Corp. of Ind.,* 651 N.E.2d 1186, 1189 (Ind.Ct.App. 1995), or if counsel has appeared and withdrawn and no responsive pleading was filed, *Stewart v. Hicks,* 182 Ind.App. 308, 312, 395 N.E.2d 308, 311 (1979), if "counsel appears and files a responsive pleading, and then withdraws his appearance, the litigant for purposes of T.R. 55(B) has appeared and notice of default is required." *Horsley v. Lewis,* 448 N.E.2d 41, 43 (Ind.Ct.App.1983). Therefore, even though Garage Builders' counsel had withdrawn, Garage Builders was still entitled to notice of any application for default judgment as it had appeared and filed a responsive pleading.

---

7. We note that this differs from discovery sanctions under T.R. 37. A dismissal by the trial court as a sanction under T.R. 37 is involuntary and "the trial court [is] not required to follow the notice requirements applicable to default judgments." *Hatfield v. Edward J. DeBartolo Corp.,* 676 N.E.2d 395, 400–01 (Ind.Ct.App.1997).

■ The Shrodes contend they more than complied with T.R. 55(B), as Garage Builders had notice of the progress hearing and was ordered to appear twenty-eight days in advance of the hearing. The notice sent to Garage Builders is reflected in the Chronological Case Summary which states that:

> COMES NOW JEFF SHRODE AND JEANETTE SHRODE, PLTFS ... AND REQUESTS THE COURT TO SCHEDULE THIS MATTER FOR PROGRESS HEARING. COURT SETS PROGRESS HEARING FOR 6/29/98 AT 8:30 A.M., AT WHICH TIME THE DEFT, EVANSVILLE GARAGE BUILDERS IS ORDERED TO APPEAR.... (CC: R. GROVE; EVANSVILLE GARAGE BUILDERS, INC.)

(R. at 63.) The Shrodes do not argue Garage Builders was given notice of an application for default judgment; rather, they argue the notice of the progress hearing *alone* was sufficient to satisfy the requirements of T.R. 55(B). We disagree.

The language of T.R. 55(B) is not superfluous and strict adherence to the notice provision is required. *Carroll v. Lordy,* 431 N.E.2d 118, 126 (Ind.Ct.App.1982). Under the specific language of the rule, a party "shall be served with written notice of the application for judgment at least three [3] days prior to the hearing on such application." There is no question that Garage Builders was given notice of a progress hearing only and not of an application for default judgment. Notice of the progress hearing alone does not suffice. The fact that Garage Builders sat idle for months prior to being defaulted and likely would not have appeared even if given notice of an application for default judg-ment does not abrogate the need for specific notice.

■ Under T.R. 55(C), the proper procedure for setting aside a default judgment is to first file a Rule 60(B) motion. *Siebert Oxidermo, Inc. v. Shields,* 446 N.E.2d 332, 337 (Ind.1983). Under T.R. 60(B), the court may, at its discretion, relieve a party from a default judgment for a variety of reasons including "[m]istake, surprise, or excusable neglect," T.R. 60(B)(1), "the judgment is void," T.R. 60(B)(6), or "[a]ny reason justifying relief from the operation of the judgment, other than those reasons" explicitly stated. T.R. 60(B)(8). On review, a trial court's decision whether to set aside a default judgment is given substantial deference. Our review is limited and we will overturn a trial court's judgment only for an abuse of discretion. *Jostens,* 651 N.E.2d at 1188.

■ In this case, the Shrodes' failure to file an application for default judgment and give at least three days notice prior to a hearing on the application rendered the default judgment voidable. *Standard Lumber Co. of St. John v. Josevski,* 706 N.E.2d 1092, 1096 (Ind.Ct.App.1999). A voidable judgment "operates to accomplish the result sought to be accomplished, until the fatal flaw is judicially ascertained and declared." *In re L.C.,* 659 N.E.2d 593, 599 (Ind.Ct.App.1995) (quoting *Lucas v. Estate of Stavos,* 609 N.E.2d 1114, 1117 (Ind.Ct. App.1993)). Such a judgment qualifies for relief under T.R. 60(B)(8) (the "catch-all provision"),[8] *Standard Lumber,* 706 N.E.2d at 1096, and is sufficient grounds for reversal. In *Pinkston v. Livingston,* 554 N.E.2d 1173, 1176 (Ind.Ct.App.1990), we found "an obvious error" when a default judgment was entered by a trial court on the same day the defendant failed to appear when no notice of an application for

---

8. Generally under T.R. 60(B)(8), a defaulted party seeking relief from judgment must, in addition to establishing a valid ground for relief, present evidence of a meritorious defense. However, "where a default judgment is set aside because it was entered without notice or proper service, a meritorious de-fense need not be shown." *Standard Lumber,* 706 N.E.2d at 1096 (quoting *Tardy v. Chumr-ley,* 658 N.E.2d 959, 962 (Ind.Ct.App.1995)). We therefore do not address whether Garage Builders has a meritorious defense to the Shrodes' claim.

default was sent. *See also Horsley,* 448 N.E.2d at 43; *Nehring v. Raikos,* 413 N.E.2d 328, 330 (Ind.Ct.App.1980); *Protective Ins. Co. v. Steuber,* 175 Ind.App. 139, 146, 370 N.E.2d 406, 410 (1977); *Northside Cab Co., Inc. v. Penman,* 156 Ind.App. 577, 581, 297 N.E.2d 838, 841 (1973). We reverse and vacate the default judgment entered against Garage Builders because we find the trial court abused its discretion when it refused to set aside a voidable judgment brought to its attention within a reasonable time.

Though we vacate the default judgment and allow Garage Builders to defend on the merits, we note our disapproval of the lackadaisical manner in which Garage Builders approached its defense prior to default. Garage Builders ignored a court's order to appear for a progress hearing and thereby opened the door to sanctions. A party who ignores a trial court's orders does so at its own risk. The trial court was well within its authority to sanction Garage Builders for its failure to appear and could have entered a default judgment had the proper T.R. 55(B) procedures been followed. Since they were not, we must reverse and vacate the judgment.

### *General Accident*

 The default judgment entered against General Accident was in a proceeding supplemental. A judgment in a proceeding supplemental is merely a continuation of the underlying claim on the merits. Reversal of the underlying judgment, in this case the default judgment entered against Garage Builders, nullifies any proceedings supplemental. *Koors v. Great Southwest Fire Ins. Co.,* 538 N.E.2d 259, 260 (Ind.Ct.App.1989). Because we vacate the default judgment against Garage Builders, the garnishment default against General Accident is thus nullified.

### CONCLUSION

We find the trial court abused its discretion by failing to set aside the default judgment entered against Garage Builders because the judgment was voidable for lack of notice. Additionally, we find the garnishment default entered against General Accident is a nullity as it was entered in a proceeding supplemental. We vacate the trial court's decision and remand for further proceedings in accord with this opinion.

Reversed.

SHARPNACK, C.J., and BAKER, J., concur.