VINSON *v.* RECTOR ET AL.

[No. 30,260. Filed May 23, 1962. Rehearing denied June 25, 1962.]

*Glenn T. Williams* and *Davis & Williams*, both of Greenfield, for appellant.

*Lawrence Booram* and *DeArmond, Booram & DeArmond*, of Anderson, for appellees.

ARTERBURN, J.—This case comes to us on petition to transfer from the Appellate Court under Acts 1901, ch. 247, §10, p. 565; 1933, ch. 151, §1, p. 800, being

§4-215, Burns' 1946 Replacement. See *Vinson* v. *Rector* (1961), 178 N. E. 2d 165, for opinion of Appellate Court.

The appellees petitioned for the adoption of a minor child. The record shows that the appellant, the natural mother of the child, through her attorneys, filed on June 15, 1959 the written authority for the appearance of Glenn T. Williams and the firm of Davis & Williams of Greenfield for her in the proceedings. On June 17, 1959 appellant filed a motion for a continuance until she could return from out of the state. On the following day she appeared by her counsel, and the court made the following entry:

"Comes now the Court and cause submitted, witness sworn and witness ordered to appear as of later date for continuing of trial. Comes now the Court and this cause set for trial on July 22, 1959, at 9:00 A.M."

No answer was filed at the time of submission for trial. That being true, the law closes the issues as if a denial had been filed. *Johnson* v. *Briscoe et al.* (1883), 92 Ind. 367; *Hedges* v. *Mehring* (1917), 65 Ind. App. 586, 115 N. E. 433.

The statute that prescribes the adoption procedure does not specifically provide for the filing of an answer. Burns' §§3-115—3-125, 1946 Repl.; *In re Adoption of Chaney, Devlin* v. *Chaney* (1958), 128 Ind. App. 603, 150 N. E. 2d 754.

On July 17, 1959 a second application for a continuance was filed and granted to September 3, 1959. On September 1, 1959 appellant filed a motion for a change of judge. The trial court overruled the motion and appellant then filed an answer.

Appellant contends on appeal that the court erred in denying her application for change of judge. Rule 1-12B provides in part:

"Any such application for change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits, or if the issues are closed *without answer by operation of law*, . . . not later than ten (10) days after the party has knowledge the cause is ready to be set for trial." (our italics)

It appears in this case that the issues were closed "without answer by operation of law" when the cause was submitted for trial on June 18, 1959 and that the application for change of venue was not filed within the time limitation fixed by the rule. Appellant had, under the rules, an opportunity then to ask for a change of venue. *State ex rel. Blood et al.* v. *Gibson Circuit Ct.* (1959), 239 Ind. 394, 157 N. E. 2d 475; *State ex rel. Janelle* v. *Lake Sup. Ct. et al.* (1957), 237 Ind. 3, 143 N. E. 2d 288.

Appellant had previously appeared generally and by counsel was present at the time the record shows the cause was first submitted for trial and witnesses were sworn.

The court did not err in overruling the application for change of venue.

The judgment of the trial court is affirmed.

Achor, C. J. and Bobbitt and Landis, JJ., concur.

Jackson, J., dissents with opinion.

### DISSENTING OPINION.

JACKSON, J.—I disagree with the majority opinion herein and dissent therefrom for the following reasons.

This action was instituted in the court below by the appellees filing their petition for the adoption of appellant's minor child. Notice of the filing and pendency of such action was given by publication, such notice requiring the appellant to appear and answer or object to said petition by June 25, 1959.[1] On June 3, 1959, the appellees filed their motion in the court below requiring the attorneys for appellant to file a written authorization in said cause. Accordingly thereafter such written apperance was filed in said cause.

Thereafter on June 17, 1959, counsel for appellant filed an affidavit that the natural mother was outside the State of Indiana, and would not return until about the 29th day of June, 1959, and asked that all further actions and hearings in said cause be continued until such time as appellant returned. On the following day, June 18, 1959, the following order was entered of record in said cause.

"Comes now the Court and cause submitted, witness sworn and witness ordered to appear as of later date for continuing of trial.

"Comes now the Court and this cause set for trial on July 22, 1959, at 9:00 A.M."

The record here discloses that this cause was submitted nearly a week prior to the return date fixed in the notice, after the filing of an affidavit for a continuance on the ground that the appellant was without the confines of the State and would not return until after the date fixed for hearing in the notice, namely, June 25, 1959. The actions of the court in this matter can be considered in no other manner than as an abuse of discretion, and his action in

1. Acts 1947, ch. 94, §1, p. 278, being §2-801 Burns' 1961 Cum. Supp.

attempting to submit said cause for trial on June 18, 1959, appears to be an effort on his part to deprive the appellant of the opportunity and right to a change of venue in this cause.

Without unduly extending this dissent, it is sufficient to say that the judgment of the trial court is erroneous and that the same should be reversed and said cause should be remanded with instructions to sustain appellant's affidavit and motion for change of venue.

NOTE.—Reported in 182 N. E. 2d 779.