Steven M. HORSLEY,
Defendant-Appellant,

v.

Travis L. LEWIS and Jane S. Lewis,
Plaintiffs-Appellees.

No. 1–882A224.

Court of Appeals of Indiana,
First District.

April 26, 1983.

John P. Wilson, Wilson & Limeberry, Greenwood, for defendant-appellant.

John S. Capper, IV, Berry, Capper & Tulley, Crawfordsville, for plaintiffs-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant Steven M. Horsley (Horsley) appeals a default judgment granted by the Montgomery Circuit Court in favor of plaintiffs-appellees Travis L. Lewis and Jane S. Lewis (Lewises).

We reverse.

## STATEMENT OF THE FACTS

The basic issue concerns the applicability of the three day notice and hearing provision of Ind.Rules of Procedure, Trial Rule 55(B) where an attorney enters an appearance, files a responsive pleading, and then withdraws. On November 2, 1981, Lewises filed their complaint against Horsley for breach of contract, seeking to penetrate the corporate veil of a corporation known as S.M. Horsley Waterproofing Corporation. Summons and a copy of the complaint were served on Horsley on December 3, 1981. Thereafter, attorney A. Donald Wiles II entered an appearance for Horsley and filed a responsive pleading in denial. At a status conference on December 23, 1981, the trial court assigned the case for pretrial conference on March 19, 1982, and for trial on April 20, 1982. On February 18, 1982, Wiles filed for and was granted leave to withdraw, and did withdraw his appearance. Nothing indicated that the responsive pleadings were withdrawn. Attached to his motion for leave to withdraw was a copy of a letter purportedly sent to Horsley dated February 11, 1982, advising Horsley that Wiles was withdrawing his appearance, of the pretrial conference, the trial date, and concluding with the admonition that if he failed to get another attorney judgment by default could be entered against him.

No further appearance by counsel was made, but on March 19, 1982, Lewises filed an "affidavit for default" alleging that (1) summons was served, (2) appearance and withdrawal of counsel, (3) non-appearance of other counsel, and (4) "... nor has he pleaded as required by the Indiana Rules of Trial Procedure since February 18, 1982." An affidavit of nonmilitary service and an affidavit of indebtedness accompanied the affidavit for default, and on the same date the trial court entered judgment. *No three day notice of the motion for default was served on Horsley.* The judgment entry recites that Horsley had been served, "and the defendant is now called three times audibly in open court but comes not and makes default."

## ISSUES

Horsley assigns seven issues for review. Three of the issues concern the failure of the trial court to give the three day notice and hold a hearing on the application for default as required by T.R. 55(B). Since we reverse we will address only that issue.

## DISCUSSION AND DECISION

T.R. 55(A) provides that when a party against whom affirmative relief is sought has failed to plead or otherwise comply with the rules, and that fact is made to appear by affidavit or otherwise the party may be defaulted. T.R. 55(B) provides in part that "If the party against whom judgment by default is sought has appeared in the action, he ... shall be served with written notice of the application for judgment at least three [3] days prior to the hearing on such application." Apparently Lewises and the trial court, by the recitals in the affidavit for default and the judgment, assumed that the withdrawal of the attorney withdrew the pleadings, making Horsley vulnerable to default without notice.

The withdrawal of an attorney does not withdraw the pleadings. *Kelly v. Bank of Reynolds,* (1976) 171 Ind.App. 515, 358 N.E.2d 146. There the court stated, in reversing a default judgment, that

"Because Kelly has filed an answer and counterclaim which remain of record, he has not 'failed to plead or otherwise comply with these rules....'"

171 Ind.App. 526. A distinction exists between the withdrawal of an attorney's ap-

pearance and the withdrawal of a party to the action. In *State ex rel. Durham v. Marion Circuit Court,* (1959) 240 Ind. 132, 136, 162 N.E.2d 505, the court said:

> "Such a contention results from a failure to distinguish between the withdrawal of an *attorney's* appearance in the case and the appearance of a *party* to the action. It is true that if a *party* withdraws his appearance with the permission of the court, the court loses jurisdiction of that party, and all pleadings of the party go out also, as stated in *American Steel, etc. Co. v. Carbone* (1915), 60 Ind.App. 484, 109 N.E. 220. However, the same result does not follow where an attorney merely withdraws his own appearance as representing a party, while the party still remains in the cause and for whom substitute attorneys appear."

We are of the opinion that the case of *North Side Cab Company, Inc. v. Penman,* (1973) 156 Ind.App. 577, 297 N.E.2d 838, is dispositive here. In *Penman,* a case nearly identical on its facts to the case at bar, counsel appeared, filed responsive pleading, conducted discovery and after the case was set for trial, withdrew his appearance. A default judgment was granted without giving defendants the three days notice under T.R. 55(B). That failure to give notice, alone, was held to be grounds for reversal, and was a failure to make a minimum compliance with T.R. 55(B).

The effect of subsections (A) and (B) of T.R. 55 is that if a party fails to plead or otherwise comply with the rules, no default judgment is proper against the party until an application for a default is filed and notice given at least three days prior to a hearing on the application. *Carroll v. Lordy,* (1982) Ind.App., 431 N.E.2d 118; *Snyder v. Tell City Clinic,* (1979) Ind.App., 391 N.E.2d 623; *Protective Insurance Company v. Steuber,* (1977) 175 Ind.App. 139, 370 N.E.2d 406; *Hiatt v. Yergin,* (1972) 152 Ind.App. 497, 284 N.E.2d 834.

In *Nehring v. Raikos,* (1980) Ind.App., 413 N.E.2d 328, a complaint was filed on November 29, 1977, and service by certified mail was made on December 2, 1977. On December 28, 1977, defendant sent by certified mail a *pro se* motion for enlargement of time in which to file responsive pleading which had the effect, under Ind.Rules of Procedure, Trial Rule 5(E), of being filed on that date. Plaintiff filed his application for default on December 29, 1977, and the same was granted on the same day even though plaintiff's counsel knew of the mailing of the motion for extension of time. The court held that the defendant was entitled to the three day notice under T.R. 55(B). The court stated that the purpose of the three day rule is

> "to provide the defaulting party with the opportunity to appear and demonstrate to the court reasons why its discretion should be exercised in favor of proceeding to trial on the merits."

413 N.E.2d at 330. Therefore, Nehring had appeared and was entitled to be served notice and the entry of the default judgment was reversible error. The court relied upon and cited *Penman, supra.*

We are aware of *Stewart v. Hicks,* (1979) Ind.App., 395 N.E.2d 308. That case held that where there was an entry of appearance by counsel without filing an answer, the subsequent withdrawal of appearance made the defendant vulnerable to default without notice. This case is distinguishable from *Penman* because of the lack of filing a responsive pleading which remained in the case.

In conclusion, we hold that where counsel appears and files a responsive pleading, and then withdraws his appearance, the litigant for purposes of T.R. 55(B) has appeared and notice of default is required.

For the above reasons this cause is reversed and the trial court is ordered to vacate the default judgment.

Reversed.

ROBERTSON, P.J., and RATLIFF, J., concur.