James Thomas HAMPTON, Jr.,
Appellant (Respondent Below),

v.

Sherry Ann DOUGLASS, Appellee
(Petitioner Below).

No. 4–283A48.

Court of Appeals of Indiana,
Fourth District.

Dec. 29, 1983.

Daniel F. Cummings, Indianapolis, for appellant.

Yvonne F. Watkins, Indianapolis, for appellee.

MILLER, Judge.

Appellant-respondent James Thomas Hampton, Jr. is appealing the denial of his motion to correct errors, which was aimed at correcting the denial of his motion for relief from a default judgment. The trial court granted by default Sherry Ann Douglass's (Mother) petition to establish Hampton's paternity of her son with a contemporaneous support award. Hampton claims excusable neglect, mistake and inadvertance for his failure to appear at trial and challenges the adequacy of mother's evidence. In deciding this case, we focus on the impropriety of granting a default judgment, which does not require evidence on the merits, in a case where the issues are closed. We, therefore, reverse and remand this case for further litigation.

## FACTS

Mother filed a petition to establish the paternity of and the support for her one-month-old son on February 4, 1980. In her petition she alleged Hampton was the father yet admitted she was legally married to Walter Douglass at the time of conception, in March, 1979. Upon being so advised, the court ordered Douglass made a party defendant but, for some reason, his involvement has been limited to the court entry of February 13, 1980, so ordering.

Counsel appeared for Hampton and filed several motions—for jury trial (no ruling), change of venue from county (Granted from Marion to Hancock), and for blood tests (granted but Mother and child never appeared). Hampton also answered a set of interrogatories from Mother, the responses to which establish Hampton had sexual relations with Mother once or twice a week from September, 1978, to June, 1979, but allegedly with the protection of condoms. He, in fact, responded that the couple considered themselves engaged to

be married. In September, 1981, Hampton's counsel withdrew, claiming his client's lack of communication and cooperation. Thus, when Hampton did not appear in court for his July 15, 1982, trial date, neither did counsel.

As a result, Mother moved for default on that date for Hampton's failure to attend. The motion was granted then and there, no evidence having been heard on the issue of paternity:

> "BY THE COURT: This is Cause No. SJ–80–22, Sherry Ann Douglass vs. James Thomas Hampton, Jr. The petitioner is present in person and by counsel. Respondent has failed to appear, has been called in the hall and is not present. Miss Watkins, how do you want to proceed?
>
> BY MISS WATKINS: Your honor, due to the fact that the respondent has failed to appear, we would at this time request a default judgment against him and we would like to present some evidence, if necessary, on the prenatal child care expenses and the amount of child support that Miss Douglass would need to support the child.
>
> BY THE COURT: Okay, I'll show your motion for default granted and Mr. Hampton defaulted on the question of paternity."

(Record, p. 110) Mother then proceeded to testify to the following for purposes of a support award: child care and prenatal expenses amounted to $450; child needed approximately $50 weekly in addition to insurance; she was unable to pay her attorney. The trial court awarded Mother support arrearages as well as prospective aid, prenatal costs, and attorney fees.

On August 6, 1982, Hampton moved for relief from the default and, during the course of those proceedings, presented evidence of physical incapacity to appear in court and evidence Mother had not filed for divorce from her husband, Douglass, until May, 1979, two months *after* the alleged March, 1979, date of conception. He also introduced a certified copy of the divorce decree, granted May, 1980, *four months*

*after birth.* After this motion for relief was denied, Hampton filed his motion to correct errors. This too was denied, and this appeal ensued.

## DECISION

Hampton claims he was entitled to relief from the default judgment by reason of his physical inability to attend thereby qualifying for judicial succor under Ind. Rules of Procedure, Trial Rule 60(B)(1) ("mistake, surprise, or excusable neglect"). The fact of the matter is that Mother was not entitled to judgment at all.

■ First, we observe that when an action reaches the stage of development achieved here, default judgment is inappropriate. Our case law defines the demarcation as follows:

> "A default occurs when a party fails to appear in response to process or, having appeared, fails to obey a rule to answer and thereby confesses the allegations of the pleading. Judgment is then rendered without the trial of any issue of law or fact. *Fisk v. Baker,* 1874, 47 Ind. 534. Obviously *where an issue of fact is pending between the parties there can be no judgment on default even though the defendant is absent at the time fixed for trial.* Under such circumstances however the court may proceed to hear the plaintiff's evidence in the same manner as though the defendant were present and, if a prima facie case is established, may render appropriate judgment. *Indiana State Board of Medical Registration v. Pickard,* 1931, 93 Ind. App. 171, 177 N.E. 870."

*Aetna Securities Co. v. Sickels,* (1949) 120 Ind.App. 300, 88 N.E.2d 789, 792–93 (emphasis added); *Ed Martin Ford Co. v. Martin,* (1977) 173 Ind.App. 428, 363 N.E.2d 1292; *In re Marriage of Robbins,* (1976) 171 Ind.App. 509, 358 N.E.2d 153, *overruled on other grounds.* As default is defined by our courts, it would never be appropriate in paternity cases.

■ Default contemplates a lack of responsiveness by the defendant such that

the plaintiff is entitled to judgment as a matter of policy—defendants are not to be allowed to prolong litigation by imposing procedural delays. *Payne v. Doss,* (1976) 170 Ind.App. 652, 354 N.E.2d 346. Therefore, such judgment is "a confession of the complaint and it is rendered *without a trial* of any issue of law or fact." *Davis v. Davis,* (1980) Ind.App., 413 N.E.2d 993, 996–97 (emphasis in original). However, in a paternity case, *an answer is not required.* "It is well recognized in paternity actions that the issues are deemed closed by operation of law. *Roe v. Doe,* (1972) Ind.Ct. of App. [154 Ind.App. 203], 289 N.E.2d 528." *Buher v. Johnson,* (1973) 155 Ind.App. 693, 699, 294 N.E.2d 625, 629. No answer is required, and procedural deadlines in the rules of procedure are thereby inappropriate. *Id. See also State ex rel. Hohlt v. Superior Court of Marion County,* (1971) 256 Ind. 544, 270 N.E.2d 761; *White v. Sloss,* (1964) 245 Ind. 289, 198 N.E.2d 219 (probate); *Vinson v. Rector,* (1962) 243 Ind. 152, 182 N.E.2d 779 (adoption). The policy behind default judgments is thus inapplicable in the paternity setting where the responsive pleading is automatically presumed for the precise purpose of expediting support to the child. *See Roe v. Doe,* (1972) 154 Ind.App. 203, 289 N.E.2d 528. There is no procedural delay available to a paternity respondent.

And we do not perceive how the withdrawal of a respondent's attorney could change the effect of this automatic rule of law. If pleadings that are actually filed are not adversely affected by an attorney's withdrawal, *see Horsley v. Lewis,* (1983) Ind.App., 448 N.E.2d 41, how could it effect the withdrawal of an "answer" automatically triggered by operation of law? We also emphasize that Hampton was no stranger to this suit. He had been granted a change of venue, had moved for jury trial, had responded to Mother's interrogatories, and had initiated discovery proceedings of

his own *vis a vis* the motion for blood tests. This is not such a case where an attorney withdraws, leaving no indication the defendant has participated in the case in any way. Thus, in the case here, despite the withdrawal of Hampton's attorney, the Mother's petition still remained at issue, and a default by reason of Hampton's absence at trial was incorrect.

The conclusion does not intimate that Hampton can prolong the litigation simply by failing to appear. Mother still has recourse to judgment on the merits, but in order to so recover, *she must present evidence* to establish a prima facie case of Hampton's paternity. *See Ed Martin Ford Co. v. Martin, supra; In re Marriage of Robbins, supra; Aetna Securities Co. v. Sickels, supra.* Mother did not do so here so judgment in any form was inappropriate, particularly because her own petition raised the presumption that her husband, Douglass, was the father, not Hampton. *See* IND. CODE 31–6–6.1–9 (Supp. 1979) (amended 1980 Ind.Acts, P.L. 182, § 14.).[1]

We find additional support for our result here in an analogous situation where we recently declared default-type judgments undesirable in the context of divorce and custody proceedings. *See In re Marriage of Henderson,* (1983) Ind.App., 453 N.E.2d 310. Our avowed policy in discouraging such judgments, especially in matters of custody, is because the issues involved are gravely important not only to the parties involved but also to the public. As in custody cases, not only do paternity actions affect the immediate parties, but they also involve public interest by engaging the *parens patriae* scrutiny of the State. Decisions regarding parentage protect guiltless children and may affect whether they become wards of the State. *See, e.g., D.R.S. v. R.S.H.,* (1980) Ind.App., 412 N.E.2d 1257 (one judge concurring in result only; one judge dissenting). Thus, we be-

---

1. We note that an earlier case in this court upheld a default judgment in a paternity action. *See Duncan v. Binford,* (1972) 151 Ind.App. 199, 278 N.E.2d 591. However, we believe that characterization was amiss inasmuch as the opinion declares evidence was presented. Any other interpretation of that judgment, other than on the merits, we believe to be incorrect. *See also In re Marriage of Henderson,* (1983) Ind.App., 453 N.E.2d 310.

lieve policy alone would forbid a result affirming the default judgment here.

 One last point to be made is that even if we were to allow default judgments in the context of paternity actions when no responsive pleading is actually filed, we would still have to reverse this case for failure to give Hampton three days' notice as mandated by Ind. Rules of Procedure, Trial Rule 55(B), other papers having been filed to indicate Hampton's "appearance." (To the extent that *Horsley* stands for the proposition a default judgment can be granted when a responsive pleading has been filed and facts put at issue, we disagree with the opinion therein. A plaintiff

in such a situation is entitled to judgment on the merits.) *See Horsley v. Lewis, supra.*

For the foregoing reasons, we are compelled to vacate the default judgment and remand for further proceedings.[2]

CONOVER, P.J., and YOUNG, J., concur.

---

**2.** Because we reverse this case on other grounds, Hampton's arguments concerning retroactive support awarded to Mother are moot. However, the possibility clearly exists the issue may again arise. We thus refer Hampton to *B.G.L. v. C.L.S.,* (1977) 175 Ind.App. 132, 369 N.E.2d 1105, where this court's position is clear that the duty of a father to maintain his minor children is imposed by law beginning at birth. Because Mother brought this action one month after the child's birth, we also see no possible problem with any two-year limitation which may be imposed. *See* IND. CODE 31-6-6.1-6 (amended 1980 Ind.Acts, P.L. 183, § 4); *B.G.L. v. C.L.S., supra.*