Ann PINKSTON, Appellant
(Defendant Below),

v.

Ronnie L. LIVINGSTON, Appellee
(Plaintiff Below).

No. 84A04–8905–CV–191.

Court of Appeals of Indiana,
Fourth District.

June 6, 1990.

Woodrow S. Nasser, Terre Haute, for appellant.

Dennis H. Stark, Fleschner, Fleschner, Stark, Tanoos & Newlin, Terre Haute, for appellee.

MILLER, Justice.

In September 1983, Ronnie L. Livingston filed suit against Arthur C. Pinkston, Ann Pinkston and the Cowshed Lounge, a bar owned by the Pinkstons and located in Terre Haute, Indiana. The complaint alleged the Pinkstons, as owners of the Lounge, had served alcohol to an intoxicated person, Michael Pitts, who shot Livingston in an altercation just outside the

Cowshed Lounge.[1] The case dragged on for several years—through discovery proceedings, numerous continuances and several pre-trial conferences. A final pre-trial conference was held on September 10, 1987 and trial was set for January 26, 1988. Ann Pinkston's attorney attempted to inform her of the trial date by letter, however he received no response. On January 4, 1988, he filed a motion to withdraw alleging Pinkston had failed to communicate with him concerning the case. This motion was granted. The case came to trial on January 26, 1988, and Pinkston failed to appear. The trial court entered a default judgment against her. On April 19, 1988, the court held a hearing on damages and entered judgment against the absent Pinkston in the amount of $150,000.

Pinkston claims she did not receive the letters from her attorney and was unaware of the trial date, her attorney's withdrawal and the hearing on damages until she received, on June 27, 1988, an order to appear in conjunction with proceedings supplemental. At that point, she contacted her former attorney and then obtained a new attorney. On September 26, 1988, her new counsel filed an Ind. Trial Rule 60(B) motion to set aside the judgment. After a hearing, the trial court denied the motion. Pinkston appeals the denial and raises three issues, one of which is dispositive. We rephrase the issue as follows:

> Whether the trial court abused its discretion in denying Pinkston's motion to set aside the judgment.

We reverse.

### Facts

▬ The following additional facts were revealed at T.R. 60(B) hearing. The letters to Pinkston from her attorney (including the letter informing her of his withdrawal) were addressed to the Cowshed Lounge, 1620 South 17th Street. The Cowshed Lounge is located at 16*30* South 17th Street. None of the letters was sent certified mail. In addition, the notice of the

hearing on damages sent to Pinkston by Livingston was also addressed to 1620 South 17th Street.[2]

At the hearing, Pinkston testified that she sold the Cowshed Lounge in 1987, but continued to spend a substantial amount of time there, helping the new owner. Before selling the Cowshed Lounge she had lived in an apartment above it. However, she had also owned property in Farmersburg for many years. After selling the Cowshed Lounge, she moved to the Farmersburg property. In May, 1987 she was deposed by Livingston, and indicated in her deposition that she was moving. She was in contact with the new owner of the Cowshed Lounge throughout 1987 and to her knowledge no mail was delivered for her nor did she receive any telephone calls from her attorney.

She also testified that she first became aware of the default judgment when she received the order to appear in conjunction with the proceedings supplemental. This order was sent to her Farmersburg residence. She explained that she had not contacted her attorney after her deposition because, during the pendency of the case, long periods of time had passed during which there was no activity and she did not consider it to be unusual that she had heard nothing about the case for several months.

### Decision

In reviewing the denial of a T.R. 60(B) motion, we will reverse only if the trial court has abused its equitable discretion. *Graham v. Schreifer* (1984), Ind.App., 467 N.E.2d 800. Such an abuse will be found only if the trial court's judgment is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 802.

Pinkston did not specify which provision of T.R. 60(B) was applicable in her motion, but merely set forth the facts on which the

---

1. Livingston also sued Pitts who also failed to appear for trial and was defaulted. Arthur Pinkston had died while the case was pending.

2. We note that the original complaint was sent to the correct address, 1630 South 17th Street.

motion was based. In its order denying the motion, the trial court did not indicate which T.R. 60(B) provisions it considered or explain how it arrived at the conclusion the motion should be denied. We believe that the following provisions are applicable:

(B) Mistake–Excusable Neglect–Newly Discovered Evidence–Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

. . . . .

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

Livingston argues that the misaddressed letters from Pinkston's attorney merely indicate neglect on the part of her attorney and that there was no showing that such neglect was excusable. Livingston then notes that the negligence of an attorney is considered to be the negligence of the client, and further notes that notice of proceedings to an attorney is deemed to be sufficient notice. Ind. Trial Rule 72(D). We have no quarrel with these general principles, however we refuse to extend them to the case at bar.

In *Graham, supra,* Graham sued Schreifer and C.J. Fenzau as individuals and also sued a corporation of which they were shareholders. Fenzau retained an attorney who entered an appearance for all the defendants. After discovery and various pre-trial motions a trial date was set. Before trial, the attorney filed a motion to withdraw because Fenzau had failed to respond to communications from the attorney. There was no evidence that the attorney had attempted to contact Schreifer. The attorney was permitted to withdraw and a default judgment was entered against all the defendants. Nearly ten years later, Graham initiated proceedings supplemental against Schreifer. Schreifer filed a T.R. 60(B) motion alleging he was

not notified of the attorney's withdrawal, the request for default judgment, or any subsequent proceedings. The trial court granted the T.R. 60(B) motion and this court affirmed. Although in *Graham* we affirmed the trial court's decision, we noted:

The abuse of discretion standard of review of trial court judgments is a broad one, and when we considered the decisions of numerous state and federal courts regarding T.R. 60(B) motions, we discovered absolutely no consistency, no pattern to what did or did not constitute an abuse of discretion. Frankly, if the trial court here had denied the motion, we would have been hard-pressed to determine *that* action would have been an abuse of discretion. (However, the due process considerations herein would probably have required a reversal.) The equities to consider and balance in any given case are usually of such nonrepetitive nature that an overall schemata of all the T.R. 60(B) cases would more likely remind one of the shifting patterns of moire rather than of a steadfast progression between two points labelled "abuse of discretion" and "no abuse of discretion." Within this context, we have endeavored to reach a proper balance between the factual circumstances and the freedom of (and appellate respect for) the decision of the trial court, which basically is what the abuse of discretion standard is all about.

*Id.* at 807, n. 4.

Although in *Graham* there was evidence that Schreifer did not retain the attorney who represented him, but relied upon his co-defendant to communicate with their attorney, we do not find this fact to be significant. In *Fulton v. Van Slyke* (1983), Ind. App., 447 N.E.2d 628, 637, we quoted with approval the following observation:

Where, however, the failure to prosecute is solely to the gross neglect of plaintiff's counsel, and plaintiff is unaware of such neglect, dismissal with prejudice may be too harsh a sanction. 5 J. Moore, Moore's Federal Practice Para. 41.11[2] (2d ed. 1976).

The same principle applies to default judgments.

Here, the undisputed evidence established that the letters from Pinkston's attorney and the notice of the hearing on damages were misaddressed. There was no evidence that Pinkston received notification of the trial date, her attorney's withdrawal or any other proceedings.[3] We also believe it is significant that Livingston was able to locate Pinkston in conjunction with proceedings supplemental—when it was clearly to his advantage to do so, but sent notification of the hearing on damages to the wrong address, despite the fact that Livingston knew the correct address of the Cowshed Lounge as shown by the complaint.

In *Fulton, supra,* at 637, we noted the following factors favoring the grant of a T.R. 60(B) motion:

[T]he substantial amount of money involved, the existence of a meritorious claim, the short length of time between the judgment and the request for relief, the presence of weighty policy determinations, and lack of prejudice to the defendant.

Here a substantial amount of money—$150,000—is involved, the case had been in litigation for many years and the issues were closed, Pinkston filed her motion within a reasonable time after receiving notice, and there is no indication of prejudice to Livingston.

In addition, we note that default judgments are not favored. *Fulton, supra.* This court has frequently cited the following language from *Edgar v. Slaughter* (8th Cir.1977), 548 F.2d 770: "[I]n our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied." *See Fulton, supra* at 635; *Chrysler Corp. v. Reeves* (1980), Ind. App., 404 N.E.2d 1147, 1153.

 Finally, there is another reason for reversal not specifically raised by Pinkston,

and, therefore, arguably waived. Nevertheless, we cannot allow the trial court's procedure in entering the default judgment to pass without comment. In *Horsley v. Lewis* (1983), Ind.App., 448 N.E.2d 41, we held that when defense counsel has appeared, filed responsive pleadings and withdrawn, the defendant is entitled to three days notice of default pursuant to Ind. Trial Rule 55(B). Here, the record does not reveal that Livingston applied for default judgment, and Pinkston was given no notice of an application for default judgment. Instead the trial court entered the default judgment on the same day Pinkston failed to appear for trial. This was an obvious error.

 In addition, in *Hampton v. Douglass* (1983), Ind.App., 457 N.E.2d 618, we held that when the defendant has filed a responsive pleading, a default judgment is improper, even if the defendant fails to appear for trial. As we explained:

A default occurs when a party fails to appear in response to process or, having appeared, fails to obey a rule to answer and thereby confesses the allegations of the pleading. Judgment is then rendered without the trial of any issue of law or fact. *Fisk v. Baker,* 1874, 47 Ind. 534. Obviously *where an issue of fact is pending between the parties there can be no judgment on default even though the defendant is absent at the time fixed for trial.* Under such circumstances however the court may proceed to hear the plaintiff's evidence in the same manner as though the defendant were present and, if a prima facie case is established, may render appropriate judgment. *Indiana State Board of Medical Registration v. Pickard,* 1931, 93 Ind. App. 171, 177 N.E. 870.

*Id.* at 619. (quoting *Aetna Securities Co. v. Sickels* (1949), 120 Ind.App. 300, 88 N.E.2d 789, 792–93.) Thus when a defendant fails to appear for trial the trial court

---

**3.** Livingston suggests that because there was no indication the letters were returned to Pinkston's attorney, they must have been delivered to the Cowshed Lounge. We disagree. The letters may have been delivered to 1620 South 17th Street, and discarded by the occupant. The fact that they were not returned merely supports an inference that they were delivered somewhere and not that they were delivered to the Cowshed Lounge.

may hear evidence, and, if the plaintiff establishes a prima facie case, enter judgment for the plaintiff. Such a judgment is on the merits. *Id. See also Ed Martin Ford Co. v. Martin* (1977), 173 Ind.App. 428, 363 N.E.2d 1292; *Aetna Securities Co., supra.*

Here, the trial court heard no evidence before entering a *default* judgment. The entry of a default judgment was improper.

In view of these considerations, the trial court's decision was clearly against the logic and effect of the facts and circumstances before it. Therefore we reverse.

CONOVER, J., concurs.

CHEZEM, P.J., concurs in result.