Gloria A. MORTON–FINNEY, Teacher,
Appellant–Plaintiff,

v.

Shirl E. GILBERT, II, Superintendent,
Appellee–Plaintiff.

No. 49A02–9404–CV–190.

Court of Appeals of Indiana,
Third District.

Feb. 22, 1995.

Transfer Denied May 16, 1995.

John Morton–Finney, Indianapolis, for appellant.

Roberta Sabin Recker, Indianapolis, for appellee.

## OPINION

STATON, Judge.

Gloria Ann Morton–Finney ("Morton–Finney") appeals the trial court's dismissal of her complaint against Indianapolis Public Schools' Superintendent Shirl E. Gilbert ("Gilbert"). Morton–Finney presents one issue for appellate review, which we separate into two and restate as follows:

I.  Whether the trial court erred in denying Morton–Finney's motion for default judgment.

II.  Whether the trial court erred in granting Gilbert's motion to dismiss for failure to state a claim.

We affirm.

The facts most favorable to Morton–Finney reveal that she was previously employed by Indianapolis Public Schools ("IPS") in the position of instructional program facilitator. In the 1993–1994 school year, IPS reassigned Morton–Finney to a classroom teaching position at a lower salary. At the same time, IPS reassigned a less-experienced classroom teacher to Morton–Finney's former position. After learning of the reassignment, Morton–Finney filed a petition for a temporary restraining order and mandatory injunction in the Marion Circuit Court, in order to prevent implementation of her transfer. Gilbert moved to dismiss Morton–Finney's petition for failure to state a claim under Ind.Trial Rule 12(B)(6). The trial court granted Gilbert's motion, and this appeal ensued.

## I.

### Default Judgment

■ The grant or denial of a default judgment is within the trial court's discretion. On appeal, we will reverse only if the trial court's decision is clearly against the logic and effect of the facts and circumstances. *Siebert Oxidermo, Inc. v. Shields* (1983), Ind., 446 N.E.2d 332, 340.

■ In response to Morton–Finney's petition, Gilbert filed a motion to dismiss pursuant to T.R. 12(B)(6). Gilbert did not file an answer. Morton–Finney argues that Gilbert's failure to file an answer entitles her to default judgment. We disagree.

Although Ind.Trial Rule 12(B) generally requires that defenses be raised in a responsive pleading, the rule provides that certain defenses may be made by motion, which motion is considered timely if filed within the parameters of Ind.Trial Rule 6(C). A motion to dismiss for failure to state a claim upon which relief can be granted is a proper responsive motion. T.R. 12(B)(6). Gilbert timely filed his responsive motion, thus the trial court's denial of Morton–Finney's mo-

tion for default judgment was within its discretion.

## II.

### Motion to Dismiss

■ In determining whether a complaint should be dismissed for failure to state a claim, facts alleged in the complaint must be taken as true. Dismissal is appropriate only where it appears that under no set of facts could plaintiffs be granted relief. *Thiele v. Ind. Dept. of Highways* (1985), Ind.App., 472 N.E.2d 1274, 1275.

■ Morton–Finney brings her claim based on Ind.Code § 20–6.1–4–9 (1993) (formerly the "Teacher Tenure Act"). This section establishes that a permanent teacher is one who serves under a teaching contract in a public school corporation for at least five years, and at any time enters into a contract for further service with that school corporation. I.C. 20–6.1–4–9(a). Once a teacher attains permanent status, his contract continues indefinitely even after expiration of the contract terms. I.C. 20–6.1–4–9(b).

It is undisputed that Morton–Finney is a permanent teacher. Morton–Finney argues that because she has attained permanent teacher status, IPS cannot reassign her to a non-administrative position with a lower salary and replace her with a less-experienced teacher. We reject this argument.

Indiana law protects permanent teachers from cancellation of their contracts without cause and without employing procedural safeguards. *See* I.C. §§ 20–6.1–4–10 and 20–6.1–4–11. However, these provisions in no way govern the assignment, reassignment and salaries of permanent teachers.[1] In fact, our supreme court has expressly determined that the Teacher Tenure Act, predecessor to I.C. 20–6.1–4–9 *et seq.*, did not secure a teacher's particular position within a school. *See School City of Peru et al. v. State ex rel.*

---

1. Teacher salaries are set by the collective bargaining agreement between the teachers' union and IPS, according to educational level and experience. Morton–Finney does not contend that her lower salary violates the terms of the collective bargaining agreement; rather she contends that her status as permanent teacher precludes her reassignment and resulting salary decrease.

*Youngblood* (1937), 212 Ind. 255, 257, 7 N.E.2d 176, 178 (the school's board of trustees did not violate the Teacher Tenure Act by transferring superintendent to lower-salary position of principal).

Because Morton–Finney is not entitled to relief under I.C. 20–6.1–4–9 *et seq.,* the trial court properly dismissed her petition for failure to state a claim.

Affirmed.

FRIEDLANDER and RILEY, JJ., concur.