**Clinton YOUNG and Shirley Ayers, Appellants–Respondents,**

v.

**ELKHART COUNTY OFFICE OF FAMILY AND CHILDREN Appellee–Petitioner.**

No. 20A03–9804–JV–188.

Court of Appeals of Indiana.

Jan. 14, 1999.

Michael S. Greene, Elkhart, for Appellant–Respondent Clinton Ayers.

Cecelia J. McGregor, Goshen, for Appellant–Respondent Shirley Ayers.

Michael J. Grattan, III, Elkhart, for Appellee–Petitioner.

## OPINION

ROBB, Judge.

In this consolidated appeal,[1] Clinton Young and Shirley Ayers appeal the involuntary termination of their parental rights.[2]

---

1. These cases were consolidated by order of the Chief Judge on October 30, 1998.

2. Because this is a consolidated appeal, both Young and Ayers have filed a Record of the Proceedings. We will cite to the Record filed by Young as "Young R.," and to the Record filed by Ayers as "Ayers R."

*Issues*

Clinton Young raises the following re-stated issue for our review:

1. Whether the Elkhart County Office of Family and Children (ECOFC) proved that A.A. and C.A. had been adjudged children in need of services.

In addition, Shirley Ayers raises several issues, of which we find the following dispositive:

2. Whether the trial court abused its discretion in entering a default judgment against her.

*Facts and Procedural History*

Shirley Ayers is the mother of J.A., A.A., C.A., and D.A. Clinton Young is the putative father of A.A. and C.A. Young and Ayers lived together sporadically for several years, but they were never married and Young's paternity of A.A. and C.A. was never established. Young was in and out of jail throughout his children's lives. In 1995, during one period of Young's incarceration, Ayers left J.A., A.A., and C.A. with Young's mother and never returned to reclaim them. The children were removed from the grandmother's home and placed into foster care.

Petitions alleging J.A., A.A. and C.A. to be children in need of services (CHINS) were filed by the ECOFC, and the children were adjudged CHINS by a dispositional order entered June 13, 1995. D.A. was born on February 18, 1996, while Mother was incarcerated. D.A. was taken into protective custody immediately after birth, and was adjudged a CHINS by a dispositional order entered April 9, 1996. Following the CHINS findings, multiple services were offered to Ayers to assist her in developing child-rearing skills and to facilitate reunification with her children. On November 12, 1996, however, the ECOFC filed petitions to terminate Ayers's and Young's parental rights. Following a hearing at which Young was present but Ayers was not, the trial court entered orders terminating both Ayers's and Young's parental rights. Additional facts will be supplied as necessary.

*Discussion and Decision*

A. Standard of Review

To effect the involuntary termination of a parent-child relationship, the ECOFC was required to present clear and convincing evidence establishing the following elements:

(A) the child has been removed from the parent for at least six (6) months under a dispositional decree;

(B) there is a reasonable probability that:

(i) the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied; or

(ii) the continuation of the parent-child relationship poses a threat to the well-being of the child;

(C) termination is in the best interests of the child; and

(D) there is a satisfactory plan for the care and treatment of the child.

Ind.Code § 31–35–2–4(b)(2). This statute applies to the involuntary termination of the parent-child relationship involving a delinquent child or a child in need of services. Ind.Code § 31–35–2–1.

■ In determining whether the evidence is sufficient to support the judgment terminating parental rights, this court neither re-weighs the evidence nor judges the credibility of the witnesses. *Matter of K.H.*, 688 N.E.2d 1303, 1304 (Ind.Ct.App.1997). We consider only the evidence favorable to the judgment and the reasonable inferences to be drawn therefrom. *Id.* We will set aside the findings and judgment of the trial court terminating parental rights only if they are clearly erroneous. *Matter of M.B.*, 666 N.E.2d 73, 76 (Ind.Ct.App.1996), *trans. denied.*

B. Clinton Young

■ Young argues that ECOFC did not present sufficient evidence to prove that A.A. and C.A. were children in need of services, and therefore, the trial court did not have jurisdiction to involuntarily terminate his parental rights. *See* Ind.Code § 31–35–2–3. Young asserts on several occasions in his brief that there is no order in the record declaring A.A. and C.A. to be children in

need of services, nor was there any evidence that they are children in need of services introduced at the termination hearing. *See* Brief of Appellant at 1, 6, 8, 12. Young is incorrect. The record contains the pleadings and orders from the CHINS proceedings conducted with regard to each of his children, including the dispositional order adjudging A.A. and C.A. to be children in need of services. It appears that these documents were entered into evidence at the commencement of the termination hearing.[3] Young R. 346–50. These documents are sufficient to establish that A.A. and C.A. were children in need of services and to invoke the jurisdiction of the trial court to order Young's parental rights involuntarily terminated. ECOFC presented sufficient evidence establishing each of the elements required by statute: the children were removed from his custody under a dispositional decree for at least six months prior to the termination; there had been no change in conditions which resulted in the children's removal; and it was in the best interests of the children for Young's parental rights to be terminated. *See Matter of K.H.*, 688 N.E.2d 1303, 1304–05 (Ind.Ct. App.1997). There was evidence that Young had been incarcerated for most of A.A. and C.A.'s lives, that he had not established paternity of either child, that he had had little contact with the children, and that he did not know where they were placed after they were removed from his mother's home. The trial court's judgment terminating Young's parental rights is not clearly erroneous. We therefore affirm the termination of Young's parental rights with respect to A.A. and C.A.

### C. Shirley Ayers

Ayers contends that it was error to terminate her parental rights by default. At the termination hearing, Ayers' counsel appeared, but Ayers did not, despite notice of the hearing date. At the beginning of the hearing, Ayers' counsel moved to withdraw from the case, citing lack of recent communication with Ayers. The trial court granted the request for withdrawal and stated that he

would "be willing to enter a default judgment for termination." Ayers R. 269. The trial court then proceeded with the hearing with respect to Young. Ayers' counsel did not participate in the hearing.

■ Generally, default judgments are not favored in Indiana, *Pinkston v. Livingston*, 554 N.E.2d 1173, 1176 (Ind.Ct.App. 1990), and they are especially undesirable in the context of divorce or custody proceedings because of the grave importance of the matters decided therein. *In re Marriage of Henderson*, 453 N.E.2d 310, 315–16 (Ind.Ct. App.1983). Any doubt as to the propriety of a default judgment is to be resolved in favor of the defaulted party. *Pitts v. Johnson County Dept. of Public Welfare*, 491 N.E.2d 1013, 1015 (Ind.Ct.App.1986). The grant or denial of a default judgment is within the trial court's discretion. *Morton–Finney v. Gilbert*, 646 N.E.2d 1387, 1388 (Ind.Ct.App. 1995), *trans. denied.* On appeal, we will reverse the trial court's decision only if it is clearly against the logic and effect of the facts and circumstances. *Id.*

■ When defense counsel has appeared, filed responsive pleadings, and withdrawn, the defendant is entitled to three days notice of default pursuant to Indiana Trial Rule 55(B). *Pinkston*, 554 N.E.2d at 1176 (citing *Horsley v. Lewis*, 448 N.E.2d 41, 43 (Ind.Ct.App.1983)). Moreover, when the defendant has filed a responsive pleading, a default judgment is improper, even if the defendant fails to appear for trial. *Id.* (citing *Hampton v. Douglass*, 457 N.E.2d 618, 619 (Ind.Ct.App.1983)). Where an issue of fact exists between the parties, a default judgment is improper. The court may, however, proceed to hear evidence and, if a prima facie case is established, render the appropriate judgment. *Id.* (quoting *Aetna Securities Co. v. Sickels*, 120 Ind.App. 300, 88 N.E.2d 789, 792–93 (1949)). Such a judgment is a judgment on the merits. *Id.* at 1177.

---

**3.** The transcript of the hearing does not contain the exhibits introduced by the parties. However, the transcript does reflect that the State offered into evidence "the certified record of the underlying CHINS proceedings." Young R. 346. After certain specific documents to which Young's

counsel objected were withdrawn, the exhibits were admitted into evidence. Young R. 350. We assume that the "certified record" includes both the petition alleging A.A. and C.A. to be children in need of services and the dispositional order so finding.

Here, Ayers's counsel had filed an appearance on her behalf, filed responsive pleadings, and appeared before the court with Ayers at numerous hearings. The record does not reflect that the ECOFC moved for a default judgment or that Ayers was given any notice of a motion for default. Instead, Ayers's counsel moved to withdraw and the trial court granted that motion and entered a default judgment on the same day that Ayers failed to appear for the hearing. A judgment entered in Ayers's absence did not necessarily have to be a default. Had the ECOFC presented any evidence to support the termination of her parental rights, the judgment, regardless of what the court called it, would actually have been a judgment on the merits, and that would have been a proper judgment. However, the trial court entered the judgment *prior* to hearing any evidence regarding the termination, and the ECOFC chose not to present any evidence directed to the termination of Ayers's parental rights during the hearing. It therefore cannot be said, as the ECOFC contends, that there was sufficient evidence to sustain the trial court's entry of judgment as a judgment on the merits. This was a true default judgment, and it was improper. We therefore reverse and remand to the trial court for further proceedings with respect to Ayers.

Affirmed in part, and reversed and remanded in part.

BAKER and GARRARD, JJ., concur.