## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 22 2017, 6:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Matthew M. Cree | Stephen R. Lewis |
| Law Office of Matthew M. Cree, LLC | Indianapolis, Indiana |
| Greenwood, Indiana | |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sharis Haas, | November 22, 2017 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 49A05-1706-CT-1260 |
| v. | Appeal from the Marion Circuit Court |
| | The Honorable Sheryl L. Lynch, Judge |
| Gordon Haas, | The Honorable Mark A. Jones, Magistrate |
| *Appellee-Defendant.* | Trial Court Cause No. 49C01-0405-CT-1531 |

**Najam, Judge.**

## Statement of the Case

Sharis Haas appeals the trial court's order setting aside a default judgment against Gordon Haas. Sharis presents a single issue for our review, namely, whether the trial court abused its discretion when it set aside the default judgment. We affirm.

## Facts and Procedural History

On May 6, 2004, Sharis filed a complaint for damages against Gordon alleging that he had battered her. On May 26, Gordon appeared by counsel. Two months later, Gordon filed an answer and counterclaim. The trial court set the matter for trial and scheduled a pre-trial conference for November 5, 2007. Thereafter, Sharis filed a motion for a continuance, and the trial court scheduled a pre-trial conference for July 13, 2009. Neither Gordon nor his counsel appeared at the July 13, 2009, conference.[1] Accordingly, the trial court rescheduled it for July 27, with the trial scheduled for August 10. On July 27, Gordon's counsel moved to withdraw, and the trial court granted that motion.

No activity occurred in the case until August 29, 2013, when Sharis filed a motion for default judgment.[2] The trial court denied that motion on March 6, 2014. But after Gordon did not appear for a status conference on January 13,

---

[1] The evidence shows that neither Sharis nor the trial court had a correct address for Gordon after he moved in 2005.

[2] The record does not reflect what occurred on August 10, 2009, which was the scheduled trial date.

2015, the trial court advised Sharis to file another motion for default judgment, which she did on March 20. The trial court granted the default judgment the same day. On April 29, the trial court held a hearing on Sharis' damages. Gordon did not appear for that hearing. On May 14, the trial court entered judgment in favor of Sharis in the amount of $619,359.39.

[4] The trial court scheduled a hearing in proceedings supplemental for July 28, 2016. The court ordered Gordon's employer to appear at the hearing. Gordon, who had received notice of the proceedings supplemental at his correct home address, re-hired his counsel, who filed a motion to continue the hearing. And on August 4, Gordon filed a motion to set aside the default judgment under Trial Rule 60(B)(1) and (8). The trial court denied that motion following a hearing.

[5] Gordon filed a motion to correct error, which the trial court granted. Accordingly, the trial court set aside the default judgment. In its order, the court stated in relevant part that "it [had] erred in granting a default judgment, even though [Gordon had] failed to appear. Because [Gordon] had answered and filed a counter-claim, the Court should have heard evidence before deciding whether [Sharis] had made a prima facie case, and thus whether judgment for [Sharis] was appropriate. . . ." Appellant's App. Vol. 2 at 12. This appeal ensued.[3]

---

[3] This is an appeal from a final judgment under Trial Rule 60(C).

## Discussion and Decision

[6] Our Supreme Court has set out the relevant standard of review as follows:

> "The decision whether to set aside a default judgment is given substantial deference on appeal. Our standard of review is limited to determining whether the trial court abused its discretion. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. . . . The trial court's discretion is necessarily broad in this area because any determination of excusable neglect, surprise, or mistake must turn upon the unique factual background of each case. . . . A cautious approach to the grant of motions for default judgment is warranted in 'cases involving material issues of fact, substantial amounts of money, or weighty policy determinations.' In addition, the trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. Furthermore, reviewing the decision of the trial court, we will not reweigh the evidence or substitute our judgment for that of the trial court. Upon a motion for relief from a default judgment, the burden is on the movant to show sufficient grounds for relief under Indiana Trial Rule 60(B)."

*Huntington Nat'l Bank v. Car-X Assoc. Corp.*, 39 N.E.3d 652, 655 (Ind. 2015) (quoting *Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1253 (Ind. Ct. App. 1999), *trans. denied*).

[7] Sharis' sole contention on appeal is that the trial court abused its discretion when it set aside the default judgment, which she considers to be a "misnomer," because the court did not enter default judgment but entered

judgment after "a trial on the merits[.]"[4] Appellant's Br. at 10-11. In support of that contention, Sharis cites this court's opinion in *Pinkston v. Livingston*, 554 N.E.2d 1173 (Ind. Ct. App. 1990). In *Pinkston*, we first observed that, "when the defendant has filed a responsive pleading, a default judgment is improper, even if the defendant fails to appear for trial." *Id.* at 1176. Then we explained that

> a default occurs when a party fails to appear in response to process or, having appeared, fails to obey a rule to answer and thereby confesses the allegations of the pleading. Judgment is then rendered without the trial of any issue of law or fact. *Fisk v. Baker*, 1874, 47 Ind. 534. Obviously[,] where an issue of fact is pending between the parties there can be no judgment on default even though the defendant is absent at the time fixed for trial. *Under such circumstances[,] however[,] the court may proceed to hear the plaintiff's evidence in the same manner as though the defendant were present and, if a prima facie case is established, may render appropriate judgment*. Indiana State Board of Medical Registration v. Pickard, 1931, 93 Ind. App. 171, 177 N.E. 870.
>
> [*Hampton v. Douglass*, 457 N.E.2d 618, 619 (Ind. Ct. App. 1983).] Thus[,] when a defendant fails to appear for trial the trial court may hear evidence, and, if the plaintiff establishes a prima facie case, enter judgment for the plaintiff. *Such a judgment is on the merits*. *Id.* . . .

---

[4] Sharis makes no contention that Gordon's Trial Rule 60(B) motion was untimely.

*Id.* at 1176-77 (emphases added).

[8] Sharis is correct that default judgment was improper in light of the fact that Gordon had appeared and filed an answer and counterclaim in this case. *See id.* at 1176. But Sharis is incorrect that the trial court held a trial on the merits of her complaint. The trial court granted her motion for default judgment the same day that she filed it without having heard any evidence. Thereafter, the trial court held a hearing on damages. Because the trial court did not hear evidence on the merits prior to entering default judgment, Sharis did not make a prima facie case to support a final judgment. We reject Sharis' assertion that the damages hearing constituted a trial on the merits. The trial court's default judgment was, in fact, a default judgment. The court properly granted Gordon's motion to set aside the default judgment pursuant to our holding in *Pinkston*.

[9] Further, in *Horsley v. Lewis*, 448 N.E.2d 41, 43 (Ind. Ct. App. 1983), we held that when defense counsel has appeared, filed responsive pleadings, and withdrawn, the defendant is entitled to three days' notice of default pursuant to Trial Rule 55(B). Here, Sharis directs us to nothing in the record to show that she provided Gordon with the required three days' notice of her application for default judgment. Indeed, the trial court granted her motion the same day that she filed it. We hold that the trial court erred when it entered default judgment, and the court did not abuse its discretion when it set aside the default judgment. *See id.*; *see also Standard Lumber Co. of St. John, Inc. v. Josevski*, 706 N.E.2d 1092, 1096 (Ind. Ct. App. 1999) (holding default judgment voidable for lack of three

days' notice under Trial Rule 55(B) and affirming trial court's order setting aside default judgment under Trial Rule 60(B)(8)).

[10] Affirmed.

Mathias, J., and Barnes, J., concur.