

FILED

Aug 22 2018, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Crystal M. Powers
Jacksonville, Florida

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Crystal M. Powers,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Bryan A. Blunck,<br>*Appellee-Respondent* | August 22, 2018<br><br>Court of Appeals Case No.<br>18A-DR-105<br><br>Appeal from the Gibson Circuit Court<br><br>The Honorable Jeffrey Fowler Meade, Judge<br><br>Trial Court Cause No.<br>26C01-1204-DR-68 |

**Vaidik, Chief Judge.**

# Case Summary

[1]     Crystal Powers ("Mother") appeals the trial court's denial of her motion to continue a custody-modification hearing. After the hearing, the court issued a written order in which it found Mother to be in default and granted sole legal custody and primary physical custody to Bryan Blunck ("Father"). Because

Mother provided good cause for continuing the hearing and default is generally disfavored in custody disputes, we reverse and remand.

## Facts and Procedural History

[2] Mother and Father are the parents of a daughter, T.B. ("Child"). In March 2012, Father was arrested and charged with multiple drug-related offenses. Because Father was incarcerated, the Gibson County Department of Child Services (DCS) placed Child in Mother's custody. As a result, Mother and Father filed an agreed entry with the Gibson Circuit Court granting Mother full custody of Child; the agreed entry was approved by the court. Mother then moved to Florida with Child.

[3] In April 2017, Father was no longer incarcerated, and Mother thought it was in Child's best interests to live with Father. Mother drafted and signed a document that "grant[ed] guardianship" of Child to Father; Mother indicated that her intent was for T.B. "to live with [Father] in Indiana and for [Father] to gain joint legal custody as soon as possible." Emergency Petition to Modify, Ex. B, *In re T.B.*, No. 26C01-1204-DR-068 (Gibson Cir. Ct. Nov. 20, 2017). Child was then returned to Indiana. In September, Child wrote an essay for school wherein she stated that, while living in Florida, she was abused by Mother's husband,[1] and, as a result, she started cutting herself and making

---

[1] It is not clear from the record when Mother was married.

suicidal comments. She also wrote that she was relieved to move back to Indiana and not have to worry about Mother's husband.

[4] On November 1, DCS received a report that Father was using methamphetamine. DCS investigated the claim, and Father admitted that the allegation was true. Child was removed from Father's home and placed with his sister. The next day, Mother, who still had custody of Child according to the 2012 agreed entry that was approved by the Gibson Circuit Court, traveled from Florida to Indiana. She took custody of Child, and the pair returned to Florida.

[5] On November 20, Father filed in the Gibson Circuit Court an emergency petition to modify custody and a petition to have Child returned to Indiana. He alleged that Child had resumed making threats of suicide and feared that if Child stayed in Florida she would either seriously hurt herself or commit suicide. The court ordered Mother to appear for a custody hearing on Monday, December 11 and to return Child to Indiana. Mother was served with a copy of the court's orders and Father's motion to modify custody on Wednesday, December 6 at 7:53 p.m. On Friday, December 8, Mother, proceeding pro se, filed a motion to continue the hearing. Mother provided several reasons for why she needed a continuance, including that her family was on a tight budget and that she could not take off from work. Mother further stated that she had recently undergone surgery and could not travel due to medical reasons. In support of her motion, she attached a letter from her doctor stating that she could not attend the December 11 hearing.

[6] The trial court denied Mother's motion and held the custody hearing as scheduled on December 11. The court found "that the Mother should be defaulted" and then took "additional testimony from the Father." Appellant's Br. p. 15.[2] That same day, the court issued its order and granted Father sole legal and primary physical custody of Child, who was thirteen.[3] Four days later, Child was returned to Indiana.

[7] Mother now appeals.

# Discussion and Decision

[8] Father did not file an appellee's brief. When the appellee fails to submit a brief, we will not develop an argument on his behalf but, instead, we may reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. *GEICO Ins. Co. v. Graham*, 14 N.E.3d 854, 857 (Ind. Ct. App. 2014).

[9] Mother contends that the trial court should have granted her motion to continue. Indiana Trial Rule 53.5 provides in part that a motion to continue "shall be allowed upon a showing of good cause established by affidavit or other evidence." We review a trial court's decision to grant or deny a motion to

---

[2] The trial court's order is attached to Mother's brief on appeal. *See* Appellant's Br. pp. 15-17.

[3] The trial court also ordered that Father's sister ("Aunt") was "authorized to act as the Child's legal custodian for the purposes of medical, schooling, and other legal decisions." Appellant's Br. p. 16. Child was also permitted to reside with Aunt should Father "be under the influence of any illegal substances." *Id.* Because we conclude that the trial court abused its discretion in denying Mother's motion to continue, we do not discuss the propriety of these provisions in the court's order.

continue for an abuse of discretion. *J.P. v. G.M.*, 14 N.E.3d 786, 789 (Ind. Ct. App. 2014). "An abuse of discretion may be found in the denial of a motion for a continuance when the moving party has shown good cause for granting the motion." *Rowlett v. Vanderburgh Cty. Office of Family & Children*, 841 N.E.2d 615, 619 (Ind. Ct. App. 2006), *trans. denied.*

[10] Whether good cause existed is a fact-specific inquiry that requires us to review the circumstances at the time of the motion and the reasons presented to the trial court. *Blackford v. Boone Cty. Area Plan Comm'n*, 43 N.E.3d 655, 664 (Ind. Ct. App. 2015). Here, Mother, who was living in Florida, was served with a copy of Father's motion to modify custody and the court's order to appear less than five days before the custody-modification hearing was to take place. She promptly requested a continuance and stated multiple reasons for why she could not attend the hearing, including financial constraints, inability to take off work, and medical reasons. Attached to the motion was a letter from her doctor stating that Mother could not travel and would not be able to attend the December 11 hearing. Even if Mother was physically able to travel, she was given a very short amount of time to travel from Florida to Indiana. Not to mention, she had traveled to Indiana the month before to take custody of Child because Father was using methamphetamine. Regardless, Mother was physically unable to travel and attend the hearing because of medical reasons, and she supported her claim with a letter from her doctor. Mother showed good cause for a continuance.

Despite Mother showing good cause for a continuance, the trial court denied the request and entered a default judgment against her for failing to appear. Generally, Indiana does not favor default judgments in custody proceedings "because of the grave importance of the matters decided therein." *Young v. Elkhart Cty. Office of Family & Children*, 704 N.E.2d 1065, 1068 (Ind. Ct. App. 1999). "[W]e do not see how the best interests of the children could be ascertained without a hearing that affords **both** parents the opportunity to present evidence and cross-examine witnesses . . . ." *Walker v. Kelley*, 819 N.E.2d 832, 837 (Ind. Ct. App. 2004) (emphasis added). We stress that trial courts should be wary of finding a parent to be in default in a child-custody proceeding, because the trial court is always going to be able to make a better decision regarding the health, education, and welfare of children when both parents are heard.

We conclude that the trial court abused its discretion when it denied Mother's motion to continue. We reverse the trial court's order modifying custody and remand for further proceedings.

Reversed and remanded.

Pyle, J., and Barnes, Sr. J., concur.